United States Court of Appeals,

Fifth Circuit.

No. 94-60846.

John LOTT, Petitioner-Appellant,

v.

Edward M. HARGETT, Superintendant, Mississippi State Penitentiary, Respondent-Appellee.

April 16, 1996.

Appeal from the United States District Court for the Southern District of Mississippi.

Before POLITZ, Chief Judge, and GOODWIN[1] and DUHÉ, Circuit Judges.

GOODWIN, Circuit Judge:

John Lott, a Mississippi state prisoner, appeals a judgment denying habeas corpus relief in his petition claiming that his guilty plea was not taken in accordance with federal constitutional standards. We affirm the judgment.

PROCEDURAL HISTORY

On September 23, 1982, in the Circuit Court of Simpson County, Mississippi, Lott pled guilty to one count of rape. The State dropped a second count of rape and one other unspecified charge in consideration for Lott's guilty plea. The State recommended, and the court imposed, a life sentence.

In September, 1990, Lott filed a "Motion to Suspend, Reduce or Modify Sentence" in the sentencing court under the Mississippi Post Conviction Relief Act (Miss.Code Ann. § 99-39-1 *et seq.*). At his

---

[1]Circuit Judge for the Ninth Circuit, sitting by designation.

1

hearing, Lott successfully argued that his life sentence was illegal under Miss.Code Ann. § 97-3-65, which authorized only a jury to recommend a life sentence for rape. The court vacated the life sentence and resentenced Lott to forty years, beginning on September 23, 1982. This sentence complies with the holding in *Luckett v. State,* 582 So.2d 428, 430 (Miss.1991), that a trial judge must sentence a convicted rapist to a term reasonably expected to be less than life absent a jury recommendation for a life sentence. The court also reviewed the transcript of the 1982 sentencing hearing and rejected Lott's claim that he did not knowingly, intelligently, and voluntarily enter his guilty plea.

On December 21, 1990, Lott filed with the Simpson County Circuit Court a "Motion to Amend or Alter Judgment." He repeated his claim, raised initially in the "Motion to Suspend, Reduce or Modify Sentence," that his attorney at the 1982 sentencing hearing misled him into believing that the State would recommend, and the court would accept, a twenty-year sentence in exchange for a guilty plea. Lott alleged that he would not have pled guilty had he known he could receive a life sentence, but would have proceeded to trial on two counts of rape and one other unspecified charge. Lott further argued that the circuit court erred on resentencing by failing to question him personally as to whether he still wanted to plead guilty to the rape charge. He alleged that the circuit court violated the constitutional standards for the taking of guilty pleas set forth in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

2

The court denied post-conviction relief on October 25, 1991. The court gave three reasons: 1) the three-year statute of limitations set forth in § 99-39-5(2) barred consideration of the motion; 2) § 99-39-23(6) barred consideration of the motion as a successive motion because it was the second motion filed for post-conviction collateral relief; and 3) the forty-year sentence was legal and valid as one reasonably expected to be less than life.

Lott appealed to the Mississippi Supreme Court. First, he claimed that the circuit court erred in finding his motion to be procedurally barred under §§ 99-39-5(2), 99-39-23(6). Second, he claimed that his December, 1990 "new guilty plea" was not made knowingly, intelligently and voluntarily pursuant to the mandates of Uniform Circuit Court Criminal Rule 3.03 and *Boykin.* Finally, he alleged ineffective assistance of counsel.

The Mississippi Supreme Court affirmed the denial of post-conviction relief without written opinion. *Lott v. State,* 622 So.2d 1269 (Miss.1993).

On March 10, 1994, Lott filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Mississippi. The sole issue presented in the petition was whether Lott knowingly, intelligently and voluntarily entered his guilty plea. On December 8, 1994, the Hon. William H. Barbour adopted the recommendation of the magistrate judge that the petition be dismissed with prejudice as procedurally barred from federal review.

3

Lott timely filed his notice of appeal on December 14, 1994 and Judge Barbour issued a certificate of probable cause for the appeal on December 16, 1994.

## I. LOTT'S CLAIMS ARE PROCEDURALLY BARRED.

Federal habeas review is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 751, 111 S.Ct. 2546, 2565-66, 115 L.Ed.2d 640 (1991). To prevent federal habeas review, a state procedural bar "must be independent of the merits of the federal claim and adequate in the sense of not being unconstitutional, or arbitrary, or pretextual." *Young v. Herring,* 938 F.2d 543, 548 n. 5 (5th Cir.1991) (en banc), *cert. denied,* 503 U.S. 940, 112 S.Ct. 1485, 117 L.Ed.2d 627 (1992) (internal quotations and citations omitted). Where the last reasoned state court opinion on a federal claim explicitly imposes a procedural default, there is a presumption that a later decision rejecting the same claim without opinion did not disregard the procedural bar and consider the merits. *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 2594-95, 115 L.Ed.2d 706 (1991).

The Mississippi Supreme Court affirmed the Simpson County Circuit Court's denial of post-conviction collateral relief without opinion. Pursuant to *Ylst,* we must "look through" the Mississippi

4

Supreme Court's affirmance and "begin by asking which is the last *explained* state-court judgment...." *Id.* at 804, 805, 111 S.Ct. at 2595, 2596. *Coleman* bars federal review of Lott's claims if the last explained state-court judgment rested on an independent and adequate state procedural rule, unless Lott can meet his burden of establishing cause and prejudice, or a fundamental miscarriage of justice. The last explained state-court judgment in this case was Simpson County Circuit Judge Goza's denial of post-conviction collateral relief.

Judge Goza found Lott's Motion to Amend or Alter Judgment procedurally barred by Miss.Code Ann. §§ 99-39-5(2) and 99-39-23(6).[2] Lott has not offered any meaningful arguments impeaching these statutes as unconstitutional, arbitrary, or pretextual. *See Luckett v. State,* 582 So.2d 428 (Miss.1991). Furthermore, Judge Goza determined that Lott's new sentence of forty years was valid under Mississippi law. The court did not reach the merits of Lott's federal guilty plea claim.

  A. *§ 99-39-23(6) Is An Adequate State Procedural Rule And Bars Federal Habeas Review.*

---

  [2]§ 99-39-5(2) provides that "[a] motion for relief under this chapter shall be made ... in the case of a guilty plea, within three (3) years after entry of the judgment of conviction." *Odom v. State,* 483 So.2d 343 (Miss.1986), held that any prisoner who, like Lott, pled guilty before the enactment of the statute on April 17, 1984 had until April 17, 1987 to move for post-conviction collateral relief.

      § 99-39-23(6) provides that "any order dismissing the prisoner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter."

Lott may have intended to petition for rehearing when he filed his "Motion to Amend or Alter Judgment," which Judge Goza found procedurally barred, because the judge who heard Lott's "Motion to Suspend, Reduce or Modify Sentence" nine days earlier did not allow Lott to retract his guilty plea. In any case, Lott offers no argument that § 99-39-23(6) is a constitutionally inadequate procedural bar, nor that he can show cause and prejudice or a fundamental miscarriage of justice to override the procedural bar. *See Coleman, supra.* Thus, Judge Goza's finding that Lott's motion was barred as a successive motion under § 99-39-23(6) operates to bar federal habeas review of the substantive claims raised in the motion.

*B. § 99-39-5(2) Is A Constitutionally Adequate Procedural Bar.*

Lott claims that Mississippi courts do not regularly apply the three-year time limitation of § 99-39-5(2). A procedural bar is not adequate unless it has been "consistently or regularly applied." *Johnson v. Mississippi,* 486 U.S. 578, 589, 108 S.Ct. 1981, 1988, 100 L.Ed.2d 575 (1986). A state procedural bar is adequate if courts have applied it in "the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 411 n. 6, 1217 n. 6, 103 L.Ed.2d 435 (1989). A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief. *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir.1995).

Lott cites *Luckett,* which held that a petitioner who has been denied due process in sentencing was excepted from the three-year

6

time limit to petition for post-conviction relief. The *Luckett* court stated, "[e]rrors affecting fundamental constitutional rights may be excepted from the procedural bars which otherwise prohibit their consideration, and this case discloses a denial of due process in sentencing." *Id.* at 430. The *Luckett* exception thus allows the state circuit court to consider the merits in a limited class of cases. A court must examine a petitioner's claim to determine whether there are fundamental constitutional rights at stake before it can dismiss a petition as procedurally barred. But, it does not follow that *Luckett* has eliminated consistent application of § 99-39-5(2). *Sones v. Hargett,* 61 F.3d 410 (5th Cir.1995). In *Sones,* at 417, we said:

> [T]he [*Luckett* ] court indicated, as it has in other contexts, that the limitations rule would not prohibit the court from noticing plain errors. We have held, however, that noticing plain error does not "detract from the consistency of ... the [procedural] rule." Instead, the issue is whether Mississippi has been consistent in its application of the limitations rule to "classes of claims" such as Sones's. Our independent review of all the published state decisions citing section 99-39-5(2) indicates that the Mississippi Supreme Court has consistently applied the time bar to claims of ineffective assistance of counsel at trial. *Id.* at 417 (internal citations omitted).

When it vacated Lott's life sentence and resentenced him to forty years, the sentencing court was applying a remedial statute and there was no procedural bar. When the sentencing court denied post conviction relief with respect to Lott's ineffective assistance of counsel and guilty plea claims, it was making orders which, if not appealed, could result in future claims being barred by procedural default. In any case, *Sones* validates § 99-39-5(2) as an adequate procedural bar.

7

*C. Lott's Three-Year Time Limit Under § 99-39-5(2)*

Lott argues that the three-year time limit of § 99-39-5(2) did not begin to run until he was lawfully sentenced in December, 1990. He concedes that the circuit court could have dismissed his first petition for post-conviction collateral relief as untimely pursuant to § 99-39-5(2). However, Lott argues, because the court considered his claim that his life sentence was erroneous, and because the court resentenced him, his follow-up "Motion to Amend or Alter Judgment" was not barred under the statute because the three years began to run anew from the date on which he was resentenced.

We have found no authority addressing whether the three-year limit begins anew when a petitioner is resentenced. However, the plain language of the statute does not support Lott's construction.

> A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction *or sentence* has expired, or in the case of a guilty plea, within three (3) years after entry of the judgment of *conviction.* Miss.Code Ann. § 99-39-5(2) (emphasis added).

The legislature specifically mentioned sentencing as a reference point from which the three-year time limit begins to run in a case where no appeal is taken. Because the statute does not mention sentencing, but only conviction, as the point at which the three-year limit begins to run in case of a guilty plea; and because it specifically mentions sentencing with respect to cases in which no appeal is taken; the logical inference is that the time of sentencing is irrelevant for the purposes of § 99-39-5(2)'s

8

three-year time limit in case of a guilty plea. Thus, Lott's window of opportunity did not reopen in December, 1990.

### D. Lott Cannot Avail Himself of the "Cause and Prejudice"

Lott has not shown and cannot show cause and prejudice. "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Price v. Digital Equip. Corp.,* 846 F.2d 1026, 1028 (5th Cir.1988) (citations omitted). He offers no explanation for failing to file his motion for post-conviction collateral relief on time. Moreover, while he claims ineffective assistance of counsel at sentencing, he does not allege that the ineffective assistance caused the procedural default. *See Murray v. Carrier,* 477 U.S. 478, 488-89, 106 S.Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986) (holding that ineffective assistance of counsel is cause for a procedural default).

### E. Lott Has Suffered No "Fundamental Miscarriage of Justice."

Finally, Lott cannot avail himself of the "fundamental miscarriage of justice" exception to the general "cause and prejudice" test. *See Coleman,* 501 U.S. at 751, 111 S.Ct. at 2565; *Engle v. Isaac,* 456 U.S. 107, 135, 102 S.Ct. 1558, 1575-76, 71 L.Ed.2d 783 (1982). This exception applies "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent...." *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649-50. Lott stated to the trial court that he agreed with the State's description of the crime, that he had nothing to add, and that he did commit the rape. St.R. 40-41. He

9

has never claimed that he is actually innocent of the crime.

## II. LOTT'S GUILTY PLEA CLAIM FAILS ON THE MERITS.

Lott claims that he should be permitted to retract his guilty plea because it was not knowingly, intelligently and voluntarily entered. He argues specifically that because the trial court sentenced him to life imprisonment, and because that sentence was later reduced to forty years, his guilty plea was rendered constitutionally suspect. He primarily relies on *Mallett v. State,* 592 So.2d 524 (Miss.1991), which held that a guilty plea is not knowingly, intelligently and voluntarily entered when the trial court fails to advise the accused of the proper minimum and maximum penalties provided by law. Similarly, he cites *Vittitoe v. State,* 556 So.2d 1062 (Miss.1990), a case holding that a guilty plea is not voluntary where the court fails to advise the defendant of mandatory *minimum* sentences.

*Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that a trial judge "canvass[ ] the matter with the accused to make sure he has a full understanding of what the [guilty] plea connotes and of its consequence." *Id.* at 244, 89 S.Ct. at 1712. *Boykin* involved a trial court sentencing to death a defendant who pled guilty to five counts of common law robbery without asking the defendant any questions concerning his plea. Lott correctly points out that the trial court misinformed him as to the possibility of receiving a life sentence, but that defect was cured later when his sentence was reduced to forty years. The record reflects that the trial judge painstakingly warned Lott that

10

the court was not bound by the State's sentencing recommendation, nor would it necessarily be lenient in exchange for Lott's guilty plea. The trial judge amply fulfilled his obligations under *Boykin* and Uniform Circuit Court Criminal Rule 3.03 governing the taking of guilty pleas.

No prejudice resulted from the trial court's erroneous life sentence. While Lott claims that he would not have pled guilty had he known that the judge could not have sentenced him to life, he in fact accurately weighed the risk of going to trial. For had he gone to trial, the jury could have imposed life sentences on the two counts of rape that would have been charged. Moreover, if the jury recommended life sentences on both counts, the sentences could have been imposed consecutively. Thus, the error in the calculation caused by the trial court misinforming Lott as to his maximum sentence actually benefited Lott in the end. The trial court's mistaken sentencing of Lott did not deprive him of "a full understanding of what the plea connote[d] and of its consequence." *Boykin,* 395 U.S. at 244, 89 S.Ct. at 1712.

III. LOTT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Lott's ineffective assistance of counsel claim must be rejected even if it is not procedurally barred. Lott contends that he was denied effective assistance of counsel as required by the Sixth Amendment because his counsel failed to advise him that the trial court could not legally sentence him to life, and because he allegedly promised Lott a twenty-year sentence for pleading guilty. In support of this contention, Lott repeats his claim that although

11

he pled guilty on the understanding that he could have been sentenced to life, he would not have pled guilty had he been advised properly that the judge could only sentence him to a term reasonably expected to be less than life.

*Strickland v. Washington* sets the standard whereby courts judge whether a defendant was denied effective assistance of counsel. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* provides that in order to reverse a conviction, "[f]irst, the defendant must show that counsel's performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687, 104 S.Ct. at 2064. Whether counsel's performance was deficient "depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases.' " *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). To satisfy the prejudice prong of *Strickland,* a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. The *Strickland* court further provided that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697, 104 S.Ct. at 2069.

Lott's trial counsel's assistance may very well have been

12

constitutionally deficient at sentencing because he failed to object when the trial court sentenced Lott to life in prison. Counsel could have and probably should have objected on the grounds of a 1975 case, *Lee v. State,* 322 So.2d 751 (Miss.1975), which clearly states that a trial judge may not give a life sentence to a defendant who has pled guilty to rape. However, the prejudice which Lott suffered as a result of counsel's failure to cite *Lee* was cured when Lott was resentenced. As a result, this claim is now moot.

Lott claims that his attorney indicated to him at some point that the State would recommend and the court would accept a twenty-year sentence. Even if this were true, the record establishes that the trial court cautiously and meticulously dispelled any such notions. The trial judge asked Lott the following five questions: 1) whether anyone led him to believe that the State's recommendation would be anything less than life imprisonment; 2) whether he understood that the maximum sentence was life; 3) whether anyone made any promises or threats to induce his plea; 4) whether he understood that the court was not bound by the State's recommendation; and 5) whether anyone represented to him that the court would be "lighter" on him for pleading guilty. Lott answered "no" to all of these questions, and further stated to the court that he was satisfied with his attorneys' services and that they had not promised him anything to make him plead guilty. *See* St.R. 38-48. A defendant's solemn declarations in court carry a strong presumption of truth. *Blackledge v. Allison,* 431 U.S. 63,

13

74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). These circumstances not only imply that Lott's counsel did not promise him a twenty-year sentence, but also a clear lack of prejudice even if he had.

## CONCLUSION

We AFFIRM the district court's dismissal with prejudice of Lott's Petition for Writ of Habeas Corpus.