**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 96-20356**

---

**PRESTON MILTON DYER,**

**Petitioner-Appellant,**

**versus**

**GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT**
**OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

---

Appeal from the United States District Court
for the Southern District of Texas

---

March 18, 1997

Before GARWOOD, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:

Petitioner/Appellant Preston Milton Dyer pleaded not guilty to a charge of murder in Texas state court. On May 7, 1991, a jury found Dyer guilty as charged and assessed punishment at life imprisonment. The Fourteenth Court of Appeals affirmed Dyer's conviction on January 23, 1992. Dyer filed a petition for discretionary review which was refused by the Texas Court of Criminal Appeals on June 24, 1992. Dyer next filed an application for state writ of habeas corpus, arguing that he was denied his right to self-representation on direct appeal. On July 20, 1994, the Court of Criminal Appeals denied his application. Dyer then

filed a petition for federal habeas corpus relief in federal district court, again arguing that he was denied his right to self-representation on direct appeal. On March 27, 1996, the district court granted summary judgment in favor of Respondent. Dyer now appeals.

Dyer was convicted in state court on May 7, 1991. He filed a notice of appeal on May 10, 1991. The statement of facts was filed with the Court of Appeals on July 9, 1991. Dyer's appellate brief was filed on September 9, 1991, by his appointed counsel, and the State's brief was filed on November 4, 1991. On November 12, 1991, Dyer filed his motion to dismiss counsel and proceed pro se. On November 21, the Court of Appeals ordered the trial court to conduct a hearing and make certain findings of fact in regard to Dyer's motion.

On December 19, 1991, the state trial court conducted a hearing. At the hearing, Dyer told the trial court that he wanted to dismiss his court-appointed counsel and represent himself pro se, stating that, "she's been misleading me." Dyer indicated displeasure with the brief filed by his counsel and said, "she delayed me and let all my rights be waived." Dyer also said that his counsel misled him and "abandoned" him by failing to perfect an appeal. When the trial court told Dyer that his counsel had perfected an appeal on his behalf, Dyer stated that he was dissatisfied with the statement of facts contained within the brief. Dyer also alleged that his counsel failed to "communicate" with him. Several times during the hearing, Dyer indicated that

his real intent was to proceed pro se *with* his appointed counsel. When the trial court informed him that he had no such right, he expressed a desire to discharge his counsel and proceed pro se.

Upon conclusion of the hearing, the state trial court made the following findings of fact:

> The Court wishes the record to reflect that the first trial attorney appointed on this case was Mr. Jose Gutierrez.
>
> ***
>
> That with respect to this defendant, that he was unable to maintain an appropriate relationship with his first court-appointed attorney in this case and was, in fact, abusive to Mr. Gutierrez to such an extent that it destroyed Mr. Gutierrez' ability to effectively represent him and that, accordingly, that attorney was permitted to withdraw. Mr. Ron Mock was then appointed to undertake the representation of Mr. Dyer.
>
> The Court finds that no lawyer will satisfy Mr. Dyer.
>
> ***
>
> The Court further finds that this man is not educated in the law; that he is a contumacious individual; that no attorney could satisfy him.
>
> The Court finds that his waiver of lawyer is certainly voluntarily made. The court has a question in its mind as to whether this is an intelligent waiver. Certainly this man has displayed this understanding of the consequences of pro se representation. The Court does not think it is in the best interest of justice or Mr. Dyer that he represent himself.
>
> ***
>
> I find Mr. Dyer to be belligerent.

Relying upon these fact findings by the state trial court, the

state court of appeals denied Dyer's motion to proceed pro se and held as follows:

> Appellant's brief was filed on September 9, 1991, and the State's brief was filed on November 4, 1991, at which time the case became subject to disposition. On November 12, 1991, appellant filed his motion to dismiss counsel and proceed pro se.
>
> ***
>
> We hold that, under the circumstances, appellant's assertion of his right to self-representation was not timely and that granting such motion at this time would obstruct the orderly procedure of the court.
>
> From past experience we are aware that if pro se representation is permitted at this juncture, it would take at least a month before the record could be prepared and forwarded to appellant. Appellant would then have thirty days, barring any extensions, to file his brief. The State would thereafter have twenty-five days to file its response. In the event appellant did not timely file his brief, one or more additional hearings would be required. It might then become necessary to appoint new counsel, in which case another series of delays would be inevitable. To permit pro se representation at this point would delay the proceedings a minimum of three months, and conceivably much longer. Finding that appellant did not timely assert his motion to proceed pro se, we overrule such motion.

At federal habeas corpus review, the federal district court considered both the factual findings of the state trial court, as well as the reasoning of the state court of appeals. The district court concluded that "allowing the Petitioner to assert the right to self-representation six months after notice of appeal, two months after his appellate brief was filed, and after the State's appellate brief was filed, would obstruct the orderly

4

administration of justice and compromise the integrity of the appellate process." The district court added that "such an impact stands in stark contrast to the minimal effect of a defendant's assertion of the right to self-representation made shortly before trial." Accordingly, the district court denied Dyer his petition for habeas corpus relief.

"When considering requests for federal habeas corpus relief, this Court has frequently explained that we review the district court's factual findings for clear error, but review issues of law de novo." *Trest v. Whitely*, 94 F.3d 1005, 1007 (5th Cir. 1997).

This case precisely fits the language in *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996):

> ...when a criminal appellant accepts the assistance of counsel, but later objects to his attorney's appeal strategy or preparation of the brief, the criminal appellant cannot then expect to be allowed to file a supplemental pro se brief. By accepting the assistance of counsel the criminal appellant waives his right to present pro se briefs on direct appeal.

After carefully reviewing the briefs, the record, and the relevant case law, we are satisfied that the decision of the district court to deny Dyer's petition for writ of habeas corpus was not made in error. Accordingly, the judgment of the district court is, in all things,

**AFFIRMED.**

5