Alan J. BANNISTER, Petitioner,

v.

Michael BOWERSOX, Respondent.

No. 97–8209.

United States Court of Appeals,
Eighth Circuit

· Oct. 10, 1997.

Bruce E. Baty, Lisa J. Hansen, Kansas City, MO, for Respondent.

Stephen D. Hawke, Asst. Atty. General of Jefferson City, MO, for Petitioner.

Before WOLLMAN, Circuit Judge, BRIGHT and HENLEY, Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

Alan J. Bannister was convicted by a jury in Missouri state court of capital murder and sentenced to death. Bannister's execution is currently scheduled for October 22, 1997, at 12:01 a.m. This court has twice before affirmed the denial of his petitions for writs of habeas corpus. *Bannister v. Armontrout*, 4 F.3d 1434 (8th Cir.1993), *cert. denied*, 513 U.S. 960, 115 S.Ct. 418, 130 L.Ed.2d 333 (1994) (*Bannister I*); *Bannister v. Delo*, 100 F.3d 610 (8th Cir.1996), *cert. denied*, — U.S. ——, 117 S.Ct. 2526, 138 L.Ed.2d 1026 (1997) (*Bannister II*). Bannister now moves this court for permission to file another successive federal habeas petition pursuant to Section 106(b)(3)(B) of the Anti–Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1217 (1996) (AEDPA), codified as 28 U.S.C. § 2244(b)(3)(B).

·The AEDPA "changed the conditions under which second or successive applications [for federal habeas relief] may be considered and decided on their merits." · *McDonald v. Bowersox*, 125 F.3d 1183, 1184 (8th Cir.1997) (internal quotation). The relevant section, 28 U.S.C. § 2244(b), now provides:

(1) A claim presented in a second or successive habeas corpus application under [28 U.S.C.] section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under [28 U.S.C.] section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been·discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Bannister's motion sets forth the following two issues:

(1) Whether in light of *Trest v. Cain*, [94 F.3d 1005 (5th Cir.1996), *cert granted*, —— U.S.; ——, 117 S.Ct. 1842, 137 L.Ed.2d 1046 (1997)], Bannister's Sixth Amendment Rights were violated when the police interrogated him without the presence of counsel.

(2) Whether the provision of the [AEDPA] that completely precludes federal courts from reviewing successive claims that were advanced in a previous habeas corpus action is unconstitutional.

In *Bannister I*, Bannister argued that because he had been appointed counsel before he confessed, the admission of the confession violated his Sixth Amendment rights under *Michigan v. Jackson*, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986). We refused to review the argument on the ground that Bannister had first raised the argument in the district court in a post-judgment motion under Fed.R.Civ.P. 59(e). We stated that "a Rule 59(e) motion cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment" and noted that claims raised in post-judgment motions could be considered abusive. 4 F.3d at 1440, 1445 (internal quotation omitted). We also observed that the claim had not been raised in the state

court and that there was no record support for Bannister's assertion that he had been appointed counsel before the confession.

In *Bannister II*, "Bannister d[id] not contest that he first raised the claim in the Rule 59(e) motion, or that he failed to make a record in the state court that he had been arraigned and appointed counsel" before the confession. 100 F.3d at 621. Instead, he argued that the state had waived procedural default and that this court unfairly raised a procedural default sua sponte without affording him the opportunity to establish cause and prejudice. The state responded that it did not waive default, that a federal court could raise procedural default sua sponte, and that, as a matter of law, Bannister could not prove cause for his failure to present his claim that he had been appointed counsel before his confession. The state went on to argue that, in any event, Bannister would not be· entitled to habeas relief under *Michigan v. Jackson*·by the nonretroactivity principles of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Because we agreed with the state that the Sixth Amendment claim was *Teague*-barred,[1] we did not address any default or abuse issues.

■ In the present motion, Bannister attempts to avoid the section 2244(b)(1) bar to again presenting his Sixth Amendment claim by arguing the Supreme Court's decision in *Trest v. Cain* "may" allow him to meet the "new rule" requirements of subsection (b)(2)(A). ·His reliance on subsection (b)(2)(A) is misplaced. The subsection applies only to a claim "not presented in a prior application," not to the same claim. In any event, Bannister's *Trest* claim cannot meet the requirements of subsection (b)(2)(A). Aside from the fact that the Court has not yet decided *Trest*, the case does not involve a "new rule of constitutional law." In *Trest*, the Court granted certiorari to consider the issue of whether a court of appeals may raise a procedural default sua sponte. In the context of a *Teague* new rule analysis, which is

---

1. We noted that the "Supreme Court has 'explicitly described its holding in *Jackson* as establish[ing] ... a new Sixth Amendment rule.'" 100 F.3d at 623 (quoting *McNeil v. Wisconsin*, 501 U.S. 171, 179, 111 S.Ct.· 2204, 2209, 115

L.Ed.2d 158 (1991)). In addition, we noted that ·"at least five other circuits have determined that the holding in *Jackson* represents a 'new rule' for purposes of *Teague* analysis." *Id.* (internal quotation omitted).

instructive here, this court has stated that "the 'new rule' principle applies to rules of *constitutional* law which the states are required to observe[,]" not to "the analysis to be used in determining whether claims have been procedurally defaulted." *Charron v. Gammon,* 69 F.3d 851, 856 (8th Cir.1995), *cert. denied,* — U.S. —, 116 S.Ct. 2533, 135 L.Ed.2d 1056 (1996). Thus, *Trest* does not have the potential of meeting the "new rule" requirements of subsection (b)(2)(A). Nor, contrary to Bannister's assertion, does the claim meet the requirements of subsection (b)(2)(B) concerning newly discovered facts.

Bannister's motion for permission to file a successive habeas petition is in effect a request for a stay of execution pending the Supreme Court's decision in *Trest,* which, if expressly requested, we would deny. In fact, the present motion is a recast of Bannister's motion to recall the mandate pending resolution of *Trest,* which we have previously denied. We also note that the Supreme Court has denied Bannister's petition for rehearing from the denial of certiorari in *Bannister II.* In the rehearing petition, Bannister mistakenly asserted, as he does now, that *Trest* "will have a controlling effect on the outcome of [his] habeas petition." No matter what the Court holds in *Trest* concerning procedural default, the holding will have no effect on the outcome of Bannister's *Teague*-barred Sixth Amendment claim first raised in a Rule 59(e) motion.

■ In the alternative, Bannister argues that section 2244(b)(1) is an unconstitutional suspension of the writ of habeas corpus. However, this court has already rejected the argument that "the new law, if construed as a blanket ban on same-claim successive petitions, is unconstitutional as a suspension of the writ of habeas corpus, in violation of Art. 1, Section 9, Clause 2, of the Constitution." *Denton v. Norris,* 104 F.3d 166, 167 (8th Cir.1997) (footnote omitted). Citing *Felker v. Turpin,* — U.S. —, — — —, 116 S.Ct. 2333, 2339–40, 135 L.Ed.2d 827 (1996), we explained that "[t]he statute is merely, an elaboration on traditional abuse-of-the writ doctrine." *Denton,* 104 F.3d at 167. We also noted that because "there was no gener-al federal habeas corpus jurisdiction over persons in state custody until 1867[,] [i]t would be strange indeed to hold that a mere regulation of repetitious requests for relief violates a clause of the original Constitution." *Id.*

■ We also reject Bannister's argument that section 2244(b)(1) raises a "serious constitutional question" because it denies a "judicial forum for a colorable constitutional claim." *Webster v. Doe,* 486 U.S. 592, 603, 108 S.Ct. 2047, 2053, 100 L.Ed.2d 632 (1988) (internal quotation omitted). As just stated, the statute does not preclude judicial review of an inmate's constitutional challenges. Rather, it is "a mere regulation of repetitious requests for relief." *Denton,* 104 F.3d at 167.

Accordingly, we deny Bannister's request to file a successive habeas petition. We also deny his request for a stay of execution pending resolution of a successive habeas petition. In light of the pendency in the United States Supreme Court of *Trest v. Cain,* this order, of course, is without prejudice to Bannister's seeking relief in that Court.