**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-50279

(Summary Calendar)

_____

JAMES BENJAMIN MALONE, III,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
For the Western District of Texas
A-98-CV-315-SS

March 29, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

James Benjamin Malone III ("Malone") appeals the denial of his 28 U.S.C. § 2254 habeas

corpus petition regarding his claim of ineffective assistance of counsel. We affirm.

_____

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

A Texas jury found Malone guilty of theft and of unauthorized use of a motor vehicle. His sentence was enhanced to 99 years because of his prior felony convictions. The state court of appeals affirmed his conviction and sentence. Malone unsuccessfully sought habeas relief from the state courts. He then filed a federal habeas petition, raising several challenges to his conviction and sentence. The district court granted Certificates of Appealability (COA) as to his double jeopardy allegation and one of his several ineffective assistance of counsel claims, while it denied COAs as to the rest of his other claims. The district court ultimately granted relief on the double jeopardy claim, but rejected the ineffective assistance of counsel claim. The only issue presented on appeal is whether Malone procedurally defaulted his claim that his attorney's failure to inform him about a 40-year plea bargain offer constituted ineffective assistance of counsel.[1] We review the district court's factual findings for clear error and issues of law *de novo*. *See Dyer v. Johnson*, 108 F.3d 607, 609 (5th Cir. 1997).

We hold that Malone's ineffective assistance of counsel claim is procedurally barred by his failure to present and exhaust it in state court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (requiring state exhaustion of habeas claims). A habeas petitioner presenting non-exhausted claims must show both cause and prejudice for his procedural default. *See id.* The exhaustion requirement is rooted in our principle of federalism: "[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991).

Malone concedes that he failed to present this ineffective assistance of counsel claim in state

---

[1]     In his brief, Malone reargues several other ineffective assistance of counsel claims. They are improperly presented here because they were denied COAs by the district court as well as this court.

court, but maintains that he only became aware of this plea offer in early 1999 during the federal § 2254 evidentiary hearing. Had he known about this offer, he claims he would have accepted it.

The record belies Malone's claim of ignorance. At a pretrial hearing held on July 17, 1995, Malone's attorney told the court that he had been offered and had rejected a 40-year plea bargain. Malone presumably was present at the court hearing, and must have been informed of the plea offer by that time. Even if he was not present at the hearing, he had constructive knowledge of the plea offer. *Cf. Herbst v. Scott*, 42 F.3d 902, 906 (5th Cir. 1995) (applying constructive knowledge standard to the cause and prejudice requirements for successive § 2254 petitions). The pretrial hearing transcript was filed on July 15, 1996—before Malone filed his direct state appeal on August 14, 1996 and before he applied for his first state habeas petition on September 5, 1997. Indeed, in his state habeas application, Malone repeatedly cites and quotes the state record and transcript, indicating that he had reviewed them. Malone has failed to show "cause" to overcome his procedural default.

AFFIRMED.