**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-10033
Summary Calendar

MARK ALLEN SMITH,

Petitioner-Appellant,

VERSUS

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
For the Northern District of Texas, Fort Worth Division

(4:01-CV-230-Y)

January 3, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner Mark Allen Smith appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus pursuant to a certificate of appealability granted by our court in an order dated June 6, 2002. Smith argues that his procedural due process

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rights were violated when the state failed to give him notice that it sought to use a pending driving while intoxicated charge to prevent him from being assigned to an Intermediate Secure Facility (ISF) after revocation of parole. We now affirm the district court's denial of habeas relief.

We review the district court's denial of petitioner's habeas application de novo as to questions of law and for clear error as to factual findings. Dyer v. Johnson, 108 F.3d 607, 609 (5th Cir. 1997). Under the Antiterrorism and Effective Death Penalty Act (AEDPA) the district court may grant petitions for habeas corpus on claims adjudicated on the merits in state court only where the state determination was "contrary to" or an "unreasonable application of" clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). A § 2254 applicant may also obtain relief on a claim adjudicated on the merits in state court if the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2).

Here petitioner complains that his rights under Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972) were violated when the state failed to give him notice of evidence it sought to use to deny him post-revocation incarceration at an ISF. As the U.S. Supreme Court has made clear since Meachum v. Fano, 427 U.S. 215, 224 (1976), however, no due process rights arise in respect to a state's choice of incarceration facility, even though "the degree of confinement

in one prison may be quite different from that in another." Accordingly, the state's failure to give notice of evidence it would use to choose the incarceration facility does not raise any due process constitutional concerns.

The judgment of the district court is AFFIRMED. Respondent's motion to supplement the record is DENIED.

AFFIRMED; MOTION DENIED.