**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 28, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60104
Summary Calendar

RICHARD MERLE SWITZER,

Petitioner-Appellant,

versus

STATE OF MISSISSIPPI;
DAVID TURNER, Mississippi Department
of Corrections Superintendent,

Respondents-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:01-CV-205-RRo

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard Merle Switzer, Mississippi prisoner # 47818, appeals from the denial of his 28 U.S.C. § 2254 petition challenging his felony escape conviction and sentence as an habitual offender. Switzer has also moved for leave to file a reply brief.

A certificate of appealability was granted on the issue whether Switzer's counsel was ineffective in failing to file a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

direct appeal. <u>Switzer v. Mississippi</u>, No. 04-60104 (5th Cir. Jul. 1, 2004) (unpublished). That claim, however, was not raised in state court, and when Switzer returned to state court in an attempt to satisfy the exhaustion requirement, his petition was dismissed pursuant to Miss. Code Ann. § 99-39-23(6), as successive. Switzer's claim that counsel failed to file a direct appeal is therefore procedurally barred from federal habeas review. <u>Lott v. Hargett</u>, 80 F.3d 161, 164-65 (5th Cir. 1996).

Switzer cannot establish cause to overcome the default because any error on the part of habeas counsel in failing to raise the ineffective assistance claim on state postconviction review cannot provide cause for a procedural default. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 755 (1991); <u>Martinez v. Johnson</u>, 255 F.3d 229, 240-41 (5th Cir. 2001). Federal review of Switzer's claim may therefore be had only if necessary to avoid a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. 750. Switzer, however, has failed to brief the fundamental miscarriage of justice issue, and, therefore, its consideration is waived. <u>See</u> <u>Elizalde v. Dretke</u>, 362 F.3d 323, 328 n.3 (5th Cir.), <u>cert. denied</u>, 125 S. Ct. 293 (2004). The dismissal of Switzer's petition is consequently affirmed, albeit on grounds other than those cited by the district court. <u>See</u> <u>Bickford v. Int'l Speedway Corp.</u>, 654 F.2d 1028, 1031 (5th Cir. 1981).

**AFFIRMED; MOTION TO FILE REPLY BRIEF GRANTED.**

2