IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2007**

Charles R. Fulbruge III
Clerk

No. 05-41409
Summary Calendar

KINGS A KOMOLAFE

                                        Plaintiff-Appellant

v.

NATHANIEL QUARTERMAN, Director, Texas Department of Criminal
Justice, Correctional Institutions Division

                                        Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-132

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    This court granted Kings Abimbola Komolafe, Texas prisoner # 601354,
authorization to file a successive 28 U.S.C. § 2254 petition challenging his
conviction for murder. The district court denied the petition. Komolafe appealed
the denial, and the district court granted a certificate of appealability (COA) on
whether the district court erred in holding that (1) Komolafe failed to show that
Anthony Williams committed perjury at trial; (2) Smallwood's affidavit recanting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

his trial testimony was not credible; and (3) Smallwood's trial testimony was not perjured.

Komolafe seeks to expand the COA. This court has jurisdiction to address his motion to expand the COA granted by the district court. See FED. R. APP. R. 22(b); Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998). When a party expressly seeks a COA on additional issues, this court may certify those issues if the party meets the requirements for a COA. See United States v. Kimler, 150 F.3d 429, 429-31 (5th Cir. 1998).

This court will issue a COA only if Komolafe makes a substantial showing of the denial of a constitutional right, a showing that "reasonable jurists could debate whether (or, for that matter, agree that)" the court below should have resolved the claims in a different manner or that this court should encourage him to litigate further his claims in federal court. Ruiz v. Quarterman, 460 F.3d 638, 642 (5th Cir. 2006) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003), and quoting Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)).

When, as here, a district court has denied relief on nonconstitutional grounds, as with a procedural-default ruling, the petitioner must show "'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Matchett v. Dretke, 380 F.3d 844, 847-48 (5th Cir. 2004), cert. denied, 125 S. Ct. 1067 (2005) (quoting Slack, 529 U.S. at 484).

Claims Surrounding Smallwood's affidavit

Komolafe relies on Smallwood's affidavit to support his claims that he is actually innocent and that Williams and Smallwood perjured themselves at trial. The district court denied Komolafe's claims surrounding Smallwood's affidavit because they were procedurally defaulted but granted a COA on whether it erred when it determined that Smallwood's affidavit was not credible. Komolafe's motion to expand the COA on this issue is denied as moot.

2

To obtain federal habeas review of claims barred because of a state-law procedural default, a prisoner must demonstrate cause for the default and actual prejudice or that the failure to review the claim will result in a fundamental miscarriage of justice. House v. Bell, 126 S. Ct. 2064, 2076 (2006); Lott v. Hargett, 80 F.3d 161, 164 (5th Cir. 1996). A federal habeas petitioner unable to make the requisite showing of cause and prejudice can obtain habeas relief if he can show that application of the procedural bar would constitute a miscarriage of justice--that he is actually innocent of the crime. House, 126 S. Ct. at 2076-77; Henderson v. Cockrell, 333 F.3d 592, 605 n.4 (5th Cir. 2003). "To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). This court views recanting affidavits with extreme suspicion. Spencer v. Johnson, 80 F.3d 898, 1003 (5th Cir. 1996).

Smallwood's affidavits contains inconsistencies on major points. Smallwood attested that Red and Nubbs's brother allowed Komolafe to leave West's house soon after he arrived. He also attested that the posse had traveled from Fort Worth to Tyler and had staked the house for days. That the men allowed Smallwood, the only one of the group who could identify Komolafe, leave after they gained entry to West's house is implausible. Equally unlikely is that they let Komolafe leave after all they had invested in pursing him.

Additionally, Smallwood attested that Red shot Shigeta as she fled out the back door. Trial testimony, however, established that Shigeta was shot in the face, neck, chest, and stomach, in a manner indicating that she was shot from above while lying down on a bed. Komolafe's argument that these inconsistencies are attributable to the fact that Smallwood was not an eyewitness to the shooting begs the question whether Smallwood's affidavit is reliable.

3

Not only does Smallwood's affidavit contain inconsistencies, but it is unsupported and uncorroborated by other evidence. See Summers v. Dretke, 431 F.3d 861, 871 (5th Cir. 2005). Komolafe seeks to remedy this problem by arguing that the affidavit would have been corroborated by his testimony that the people Smallwood named in his affidavit are the same people who later kidnaped him and shot him, which testimony was precluded by the trial court's grant of a motion in limine. Komolafe's argument ignores that he is not now precluded from supplying the proper names of the individuals in the affidavit or other evidence to support it, but he has not done so.

Finally, the credibility of Smallwood's affidavit is mitigated by the fact that it was submitted eight years after Komolafe was convicted. See Herrera V. Collins, 506 U.S. 390, 417-18 (1993). Komolafe's reliance on Smallwood's affidavit to obtain federal habeas review of his procedurally defaulted claims that he is actually innocent and that Smallwood and Williams perjured themselves at trial is misplaced. See House, 126 S. Ct. at 2076; Lott, 80 F.3d at 164.

Claims surrounding the affidavit of the handwriting expert

Komolafe also relies on the affidavit of a handwriting expert's affidavit to support his claims that Williams and Smallwood perjured themselves. The district court concluded that Komolafe's claims relative to that affidavit were successive. Any challenge to the district court's finding is outside the scope of the district court's grant of a COA. See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997).

Komolafe seeks to expand the COA to include whether the district court erred when it dismissed his claims surrounding the handwriting expert's affidavit as successive. Komolafe knew the factual predicate for the handwriting claim prior to filing his first § 2254 petition insofar as he alleged in his first state habeas petition ineffective assistance of counsel based on counsel's failure to challenge the handwriting on the greeting cards. See § 2244(b)(2). Because

reasonable jurists would not debate that the district court correctly dismissed Komolafe's claims based on this affidavit, he is not entitled to an expanded COA on those claims.  See Slack, 529 U.S. at 484.

Even if, however, the handwriting expert's affidavit is considered, the affidavit is not "new, reliable evidence" that was not presented at trial because Komolafe told the jury that the writing on the cards was not his.  See Schlup, 513 U.S. at 327; Fairman, 188 F.3d at 644.  Moreover, that Smallwood and not Komolafe authored the cards does not establish Komolafe's innocence given the other evidence, set forth above, that points to his guilt.  Therefore, Komolafe's reliance on the handwriting expert's affidavit as new, reliable evidence showing that, had the jury been presented with it, it would have not have convicted him is misplaced.  See Schlup, 513 U.S. at 327; Fairman, 188 F.3d at 644.  Komolafe fails to show that the handwriting expert's affidavit entitles him to federal habeas review on his procedurally defaulted perjury claims.  See House, 126 S. Ct. at 2076; Lott, 80 F.3d at 164.

Claims based on Jackie Komolafe's affidavit

Komolafe seeks to expand the COA to include whether the district court erred when it determined that his claims based on the affidavit of Jackie Komolafe are successive.  Jackie Komolafe's affidavit was executed in 1995. Therefore, the factual predicate for claims based on her affidavit was available to Komolafe when he filed his first § 2254 petition on September 14, 1999.  See § 2244(b)(2).  Because reasonable jurists would not debate that the district court correctly dismissed Komolafe's claims based on this affidavit, he is not entitled to an expanded COA on those claims.  See Slack, 529 U.S. at 484.

Evidentiary Hearing

Komolafe asks this court to expand the COA to include whether the district court erred when it denied him an evidentiary hearing.  Komolafe was not entitled to an evidentiary hearing.  See Clark v. Johnson, 227 F.3d 273, 284 (5th

Cir. 2000). An expanded COA on this claim is not warranted. See Slack, 529 U.S. at 483-84.

Accordingly, Komolafe's motion to expand the COA is DENIED; the denial of Komolafe's successive § 2254 petition is AFFIRMED.