**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-41120

_____

ROYAL LEE HORSLEY,

Petitioner-Appellee,

v.

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION

Respondant-Appellant.

_____

Appeals from the United States District Court
for the Eastern District of Texas

_____

November 22, 1999

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

The Director of the Texas Department of Criminal Justice, Institutional Division, requests

that Royal Lee Horsley's habeas corpus petition be dismissed with prejudice for abuse of the writ.

We find that Horsley's successive habeas petition was an abuse of the writ and that the district

court thereby abused its discretion in dismissing Horsley's habeas corpus petition without

prejudice. The petition is hereby dismissed with prejudice.

# I.    BACKGROUND

Petitioner - Appellee Royal Lee Horsley (Horsley), was convicted on July 15, 1993 of four counts of the felony offense of delivery of a controlled substance and sentenced to 31 years in prison.  Horsley did not directly appeal his conviction, but had two applications for a writ of habeas corpus denied by the Texas Court of Criminal Appeals.  The second was denied pursuant to the abuse of writ doctrine of the Texas Code of Criminal Procedure Article 11.07, Section 4 (Section 4).

Horsley filed the petition at issue in this case on February 20, 1997.  This petition contained some claims which had previously been denied by the Texas Court of Criminal Appeals and the following four new claims which Horsley had not presented to that court: (1) ineffective assistance of counsel by relying only on the prosecutor's evidence and failing to make an independent investigation of the case; (2) ineffective assistance of counsel by failing to object to the petitioner's conviction on the grounds of insufficient evidence; (3) ineffective assistance of counsel in that counsel did not have adequate time to prepare for trial; and (4) the trial court erred by refusing to grant him *in forma pauperis* status on appeal.

Respondent - Appellant Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division (the Director) filed an answer arguing that Horsley had procedurally defaulted on his unexhausted claims by failing to present them to the Texas Court of Criminal Appeals in his first writ application.  The Director waived the exhaustion requirement and argued that the district court was barred from considering Horsley's unexhausted claims on federal

2

habeas review under the federal procedural default doctrine. The Director requested that the district court dismiss Horsley's entire petition with prejudice.

The district court dismissed, without prejudice, Horsley's entire petition for failure to exhaust state court remedies[1]. The Director appeals the dismissal of Horsley's petition without prejudice.

## II.    DISCUSSION

This case raises the issue whether a district court abuses its discretion by dismissing a non-exhausted habeas corpus claim without prejudice where: (1) the failure to exhaust petitioner's new claims in prior petitions constitutes a state procedural bar against subsequent application, and (2) nothing suggests that the state court would apply an exception to the abuse-of-the-writ doctrine to address petitioner's claims on the merits. This court "review[s] the district court's factual findings for clear error, but review[s] issues of law *de novo*." *Dyer v. Johnson*, 108 F.3d 607, 609 (5th Cir. 1997) (citation omitted). Moreover, courts are expected "to exercise discretion in each case to decide whether the administration of justice would be better served by insisting on exhaustion or by reaching the merits of the petition forthwith." *Granberry v. Greer*, 481 U.S. 129, 131 (1987). Thus, this court will review the district court's dismissal of Horsley's petition without prejudice for abuse of discretion.

We find that the district court did abuse its discretion. We hereby dismiss Horsley's successive petition with prejudice because that petition was an abuse of the writ. The abuse of

---

[1] The dismissal occurred over multiple proceedings. First the district court adopted the Report and Recommendation of a magistrate judge, dismissing Horsley's petition without prejudice. In subsequent proceedings, the district court adopted the magistrate judge's recommendation that the Director's motion to alter the judgment be denied.

3

the writ doctrine of Section 4 prohibits consideration of a subsequent application for a writ of habeas corpus unless the application contains specific facts establishing that (1) the current claims have not or could not have been presented in the previous application, or (2) by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a rational doubt.

However, it is clear that Horsley's petition is an abuse of the writ and nothing suggests that the Texas Court of Criminal Claims would consider Horsley's petition on the merits. That court has already denied Horsley's second petition for abuse of the writ and there is no reason to think his third writ will be treated any differently. Horsley failed to argue cause for his failure to present his new claims within his original petition and makes no showing of actual innocence. The district court cites no factual basis or previous Texas Court of Criminal Appeals decisions through which Horsley could argue that his successive petition is not barred. Thus, there is no evidence of the kind of "unusual and compelling circumstances" absolving petitioner of blame for the delay in bringing his successive claims. *See Ex Parte Barber*, 879 S.W.2d 889 (Tex.Crim.App.1994) (finding such unusual circumstances where the Court of Criminal Appeals had authority to consider the original writ but elected to consider the direct appeal first). Indeed, Horsley's failure to argue cause or innocence would doom his third petition given that the abuse-of-the-writ doctrine is applied strictly and consistently. *See Barber* at 891 (announcing that the abuse-of-the-writ doctrine will be strictly applied).

When seen in the light of the discussion thus far, the district court's explanation of why it dismissed Horsley's claims without prejudice is not firmly based in fact or law. The district court held that the administration of justice would be better served if Horsley were allowed to present

4

his unexhausted claims to the Texas Court of Criminal appeals and argue that an exception to the abuse-or-the-writ doctrine is applicable. In reaching this conclusion the district court held that: (1) a district court "should not speculate as to whether the Court of Criminal Appeals will hold that an exception is applicable," but should give the state court the chance to apply state law, and (2) holding otherwise is contrary to the "federal mandate that all grounds of relief should be exhausted before being considered by federal courts and likewise contrary to the state mandate that prisoners should be provided an opportunity to present an exception to the abuse of the writ doctrine."

In an attempt to find support for this holding, the district court noted that it had discretion to decide "whether the administration of justice would be better served by insisting on exhaustion or by reaching the merits of the petition forthwith." *Granberry*, 481 U.S. at 131. However, the district court failed to note that comity and judicial economy make it appropriate to insist on complete exhaustion where "unresolved questions of fact or of state law might have an important bearing . . . ." *Granberry*, 481 U.S. at 134. For the reasons we have already discussed, there are no unresolved questions of fact or state law in Horsley's case. It is clear that the writ was abused and that the state court would accordingly refuse to consider Horsley's petition. Thus, there is no reason to insist on complete exhaustion.

The district court's reasoning is also contrary to the law of this Circuit. A claim may be procedurally barred even though that claim has not been reviewed by the state court. Horsley's claim is precluded because he failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. In *Emery v. Johnson*, 139 F.3d 191, 194-96 (5th Cir. 1997), we reviewed a

5

final order by a federal district court denying a habeas petition in a capital murder case. We held

that the claims at issue were procedurally barred because if the petitioner tried to exhaust them in

state court they would be barred by the abuse-of-the-writ doctrine of Article 11.071 of the Texas

Code of Criminal Procedure. *Id. See also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Circuit

1997) (in accord). We further noted that Section 4, the provision at issue here, adopts the same

rule for non-capital felony cases[2]. *Emery*, 139 F.3d at 195 n.3. Thus, speculating as to whether

the Texas court will consider a petition procedurally barred is *not* contrary to the federal mandate

in favor of exhaustion. Moreover, a claim is exhausted if "it is clear that [petitioner's] claims are

now procedurally barred under [state] law." *Gray v. Netherland*, 518 U.S. 152, 161 (1991). *See*

*also Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Nobles*, 127 F.3d at 420.

Thus it was an abuse of discretion to dismiss Horsley's petition without prejudice when his

successive writ would be barred by the Texas court under the abuse-of-the-writ doctrine.

Accordingly, we dismiss Horsley's successive petition with prejudice.

### III. CONCLUSION

For the reasons discussed above, the district court is REVERSED and Horsley's

successive habeas corpus petition is dismissed with prejudice.

---

[2] Horsley argues that these cases are not on point because they address the abuse of the writ doctrine as it applies to capital cases whereas his case is non-capital. He notes that capital cases provide additional procedures such as sua sponte appointment of counsel to investigate the possibility of collateral review. He makes no explicit argument as to why this distinction makes a difference. Presumably, his point is that a Texas court would consider whether the absence of these procedures helps excuse his failure to bring all of his claims in one writ. However, this argument fails given that (1) Horsley has still failed to make any cause or innocence argument that would involve an exception to the abuse-of-the-writ doctrine; (2) capital and non-capital cases are subject to the same abuse of the writ standard, *see Emery* at 195 n.3.; and (3) Horsley can point to no case which even suggests that the capital/non-capital distinction will make a difference.

6