IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-10638
Summary Calendar

LARRY BEASLEY,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-333-H

March 8, 2002

Before POLITZ, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Larry Beasley, Texas prisoner # 419554, appeals the denial of his 28 U.S.C. §

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2254 petition. We previously granted his motion for a COA on the issue "[w]hether Beasley has identified a property interest in the restoration of good-time credits forfeited upon the revocation of his parole such that he was entitled to due process before restoration of the good-time credits was denied."[1]

The Respondent argues for the first time on appeal that Beasley has failed to exhaust his administrative and state-court remedies. The Respondent was not served with Beasley's petition in the district court; therefore, it has not waived the right to rely on the exhaustion defense.[2] We therefore vacate the judgment of the district court and remand this matter for a determination whether Beasley has exhausted his administrative and state-court remedies. If the district court determines that Beasley's claim is not exhausted, it should further determine whether the petition should be dismissed without prejudice to allow him to pursue his claim in Texas state court.[3]

VACATED and REMANDED; Motion to Supplement Record on Appeal GRANTED.

---

[1] Beasley v. Cockrell, No. 01-10638 (5th Cir. Sept. 26, 2001) (unpublished).

[2] 28 U.S.C. § 2254(b)(3).

[3] Horsley v. Johnson, 197 F.3d 134, 137 (5th Cir. 1999) (dismissal of unexhausted claim without prejudice was abuse of discretion where the state court would have considered the claim procedurally defaulted).