IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2008

Charles R. Fulbruge III
Clerk

No. 05-20758

GARY DWAINE SPIER

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court for the
Southern District of Texas, Houston Division
USDC No. 4:04-CV-2274

Before DAVIS and SOUTHWICK, Circuit Judges, and DRELL, District Judge.[*]

PER CURIAM:[**]

Petitioner-Appellant Gary Dwaine Spier ("Spier") appeals from the district court's dismissal without prejudice of his petition for a writ of habeas corpus based on Spier's failure to exhaust state remedies. Spier challenges that determination. For the reasons set forth below, we affirm.

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

On January 22, 2002, Gary Dwaine Spier was given deferred adjudication[1] of six years by the 9th District Court of Waller County, Texas after entering a plea of nolo contendere to a felony charge of sexual assault of a child. On December 5, 2002, the state district court revoked Spier's deferred adjudication after finding that he had violated its terms. Consequently, the court adjudicated his guilt and sentenced him to fifteen years imprisonment. Spier did not appeal from either of these proceedings.

Spier filed a state application for a writ of habeas corpus on May 8, 2003 in the state district court. The clerk of the district court erroneously forwarded the application to an intermediate appellate court, which dismissed it for lack of jurisdiction on September 11, 2003. The state district court received a copy of this dismissal on September 19, 2003. Realizing its error, it forwarded Spier's state habeas application to the proper court, the Texas Court of Criminal Appeals, in late October 2003 and notified Spier of the error.

Meanwhile, Spier had submitted a "Motion to Retract" his state habeas petition in the state district court on September 18, 2003. The court properly forwarded that motion to the Texas Court of Criminal Appeals, which evidently received it on September 23, 2003, before it received Spier's state habeas petition. On November 12, 2003, the Texas Court of Criminal Appeals denied the state habeas petition without written order. However, the court reconsidered the matter sua sponte, and on January 21, 2004 it dismissed Spier's state habeas application without a written opinion.

Rather than refile a state habeas application, Spier filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District

---

[1] Deferred adjudication is a form of community supervision, or probation, authorized by TEX. CODE CRIM. PROC. ANN. art. 42.12 (Vernon 2007). See Rodriguez v. State, 939 S.W.2d 211, 220-21 (Tex. App. 1997).

Court for the Southern District of Texas on June 15, 2004. On January 31, 2005, respondent Doug Dretke, Director of the Texas Department of Criminal Justice,[2] filed a motion for summary judgment arguing primarily that the federal habeas petition was time-barred and also asserting (and reserving the right to brief the argument) that Spier had failed to exhaust his state court remedies. On July 5, 2005, the district court granted summary judgment in favor of Dretke on the ground that Spier had failed to exhaust his state court remedies, dismissed Spier's federal habeas petition without prejudice, and denied Spier a certificate of appealability.

Spier sought a certificate appealability from this Court. We found that, under Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), Spier had demonstrated that jurists of reason would debate the correctness of the district court's conclusion on the exhaustion issue. Accordingly, we granted the certificate of appealability on the exhaustion issue and additionally directed the parties to brief the issue of whether Spier's federal habeas petition under 28 U.S.C. § 2254 is time-barred.

II.

We review a district court's decision to dismiss without prejudice a federal habeas petition for abuse of discretion. Horsley v. Johnson, 197 F.3d 134, 136 (5th Cir. 1999) (citing Granberry v. Greer, 481 U.S. 129, 131 (1987)). Here, Spier's federal habeas petition arises under 28 U.S.C. § 2254, which provides, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

---

[2] Current respondent-appellee Nathaniel Quarterman stands in essentially the same position as former respondent Dretke.

> (A) the applicant has exhausted the remedies available in the courts of the State; or . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Id.  This Court has explained:

> A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief.  A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims.
>
> The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.  In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals.  A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the "fairly presented" requirement.  The habeas applicant need not spell out each syllable of the claim before the state court to satisfy the exhaustion requirement.  This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application.

Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (footnotes omitted).

In the instant case, confusion arises out of the seemingly complicated procedural history of Spier's state application for habeas relief.  However, the ultimate issue actually is fairly simple: What effect should the denial and subsequent dismissal of Spier's state application by the Texas Court of Criminal Appeals have on the exhaustion requirement set out by 28 U.S.C. § 2254(b)(1)(A)?

The Texas Court of Criminal Appeals has explained the difference between a denial and a dismissal as follows: "In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a

'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits." Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). However,

> [e]xhaustion normally "requires only that the federal claim have been fairly presented to the highest court of the State, either on direct review of the conviction or in a post-conviction attack." Thus, if the substance of the petitioner's claims is brought to the state court's attention, the fact that the court does not explicitly pass on the claims is irrelevant to the question of exhaustion, because the opportunity to consider them has been presented.

Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982) (citations omitted).

In the instant case, the Texas Court of Criminal Appeals initially denied Spier's state habeas application and then, on reconsideration, dismissed the application without a written opinion.[3] Although, under Texas jurisprudence, the dismissal probably indicates a disposition for reasons unrelated to the merits, Ex parte Torres, 943 S.W.2d at 472, the dismissal could still constitute exhaustion under 28 U.S.C. § 2254(b)(1)(A), simply because the petitioner's claim had been presented to the highest court of the State. See Escobedo v. Estelle, 650 F.2d 70, 75 (5th Cir. 1981) (cited in Carter, 677 F.2d at 443) (holding that the petitioner had satisfied § 2254's exhaustion requirement where he had "squarely raised precisely the grounds upon which he relies in this action" but the Texas Court of Criminal Appeals had dismissed the petition without a written opinion).

Yet, even assuming that the dismissal could satisfy the exhaustion requirement, 28 U.S.C. § 2254(c) precludes a habeas petitioner's fulfilling the

---

[3] The dismissal simply reads:

> APPLICATION FOR 11.07 WRIT OF HABEAS CORPUS
> RECONSIDERED ON COURT'S OWN MOTION
> ACTION TAKEN
> DISMISSED.

R. at 161.

exhaustion requirement "if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. In this case, because his first state habeas application was dismissed for reasons apparently unrelated to the merits, Spier should be able to file a new one. See Ex parte Thomas, 953 S.W.2d 286 (Tex. Crim. App. 1997) (en banc) (holding that the applicant's second state habeas application was not barred where the Texas Court of Criminal Appeals had disposed of the first application "for reasons unrelated to the merits and never addressed the merits of the grounds raised therein, [and thus] there was no final disposition of applicant's initial writ application"). Texas imposes no time limits on applications for habeas relief, provided the time elapsed is not so long as to trigger application of the doctrine of laches. See Ex parte Carrio, 992 S.W.2d 486, 488-90 (Tex. Crim. App. 1999) (remanding to the district court for a determination of whether a fourteen-year delay violated the doctrine of laches). Accordingly, under 28 U.S.C. § 2254(c), Spier is deemed not to have satisfied the exhaustion requirement, and the district court did not abuse its discretion by so ruling.

Because we hold that the district court did not abuse its discretion in dismissing without prejudice Spier's federal habeas petition for failure to exhaust his state court remedies, we decline to address the issue of whether his federal habeas petition is time-barred.

## III.

For the foregoing reasons the district court's dismissal, without prejudice, of Spier's federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 is affirmed.

AFFIRMED.