# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30425
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2016

Lyle W. Cayce
Clerk

DEMOND COOK,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-48

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Demond Cook, Louisiana prisoner # 367617, appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2254 petition for failure to exhaust state court remedies. The district court abused its discretion in dismissing the petition because Cook did not concede a failure to exhaust all his claims and a lack of exhaustion of all claims was not apparent on the face

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his § 2254 petition. *See Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014); *Horsley v. Johnson*, 197 F.3d 134, 136 (5th Cir. 1999).

Cook did concede in the district court that he failed to exhaust three claims: that his conviction was secured through the use of evidence obtained in violation of the Fourth Amendment and the Louisiana constitution, that his conviction and sentence were obtained in violation of the Sixth Amendment, and that his conviction derived from a stop which violated his rights under *Terry v. Ohio*, 392 U.S. 1 (1968). He therefore waived any challenge as to these claims. *See Palacios v. Stephens*, 723 F.3d 600, 604 n.4 (5th Cir. 2013).

Additionally, we do not consider the two claims which are beyond the scope of the COA grant and for which Cook has not sought a COA, namely, that the trial court erred in permitting him to represent himself and that the trial court improperly accepted his guilty plea to the habitual offender bill of information. *See United States v. Kimler*, 150 F.3d 429, 430-31 (5th Cir. 1998).

The state concedes that Cook exhausted his claims that the state withheld evidence favorable to the defense; that an impermissibly suggestive identification process violated Cook's due process rights; that the state engaged in misconduct by presenting false testimony by the detective; that there was insufficient evidence to support his conviction of robbing Brent Beling; and that the state's interference with the defense's review of a dashboard video camera recording violated his due process rights. We therefore VACATE the judgment and REMAND this matter for consideration of the merits of these claims and for consideration whether Cook exhausted his claim that the state engaged in misconduct by presenting false testimony from witnesses Beling and Mayo.