# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 22, 2022

Lyle W. Cayce
Clerk

No. 21-20347
Summary Calendar

---

Alan Nelson Crotts,

*Petitioner—Appellee*,

*versus*

Reginald Robinson, *Director of the Fort Bend Community Supervision and Corrections Department*; Juli Mathew, *Honorable Judge*, *Fort Bend County Court of Law*,

*Respondents—Appellants*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3126

---

Before Stewart, Dennis, and Duncan, *Circuit Judges*.

Per Curiam:*

The defendants (State) in this 28 U.S.C. § 2254 action brought by Alan Nelson Crotts appeal the district court's judgment dismissing the action "without prejudice." The State had filed a motion to dismiss for lack of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20347

exhaustion and argued that the dismissal should have been "with prejudice" under *Horsley v. Johnson*, 197 F.3d 134 (5th Cir. 1999), because Crotts's unexhausted claims would be—and, in fact, ultimately were—barred from being exhausted in state court by the Texas rule against second or subsequent state habeas petitions.

However, before the State filed "either an answer or a motion for summary judgment," Crotts invoked Federal Rule of Civil Procedure 41(a)(1)(A)(i), which triggered the automatic, absolute, and unfettered right to obtain a dismissal without prejudice without the need of a court order. FED. R. CIV. P. 41(a)(1)(A)(i); *see In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973-74 (5th Cir. 2015); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977); *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

The district court's dismissal order was issued in the context of denying, as moot, the State's motion to dismiss. The order did not convert the dismissal into any kind of dismissal that was required to be with prejudice.

Accordingly, the judgment is AFFIRMED. Crotts's motion to file a sur-reply brief is GRANTED; his withdrawn motion for a stay is DENIED as moot; his motion for this court to take judicial notice is DENIED as unnecessary; all outstanding motions are DENIED.