FILED

NOV 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN DENISE CHADES, through her Next Friend Marie Gallegos, <br><br> Petitioner - Appellant, <br><br> v. <br><br> MARY LATTIMORE, Warden, <br><br> Respondent - Appellee. | No. 09-55442 <br><br> D.C. No. 5:07-cv-01668-GHK-FMO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted November 16, 2011
Pasadena, California

Before:    W. FLETCHER and RAWLINSON, Circuit Judges, and MILLS,
Senior District Judge.[**]

Petitioner-Appellant Karen Denise Chades appeals the district court's

dismissal of her 28 U.S.C. § 2254 petition for writ of habeas corpus. Chades

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Richard Mills, Senior District Judge for the U.S.
District Court for the Central District of Illinois, sitting by designation.

claims there was insufficient evidence presented at trial to support the jury's conviction of murder in the first degree. We affirm the district court.

The United States Supreme Court has held that "the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Jackson v. Virginia*, 443 U.S. 307, 315 (1979) (quoting *In re Winship*, 397 U.S. 358, 364 (1970)). Section 2254 petitioners raising *Jackson* claims face considerable hurdles. *See Davis v. Woodford*, 384 F.3d 628, 639 (9th Cir. 2004). The reviewing court must first "consider the evidence presented at trial in the light most favorable to the prosecution," and then determine whether, based on that evidence, any "rational trier of fact could have found proof of guilt beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (citing *Jackson*, 443 U.S. at 319). The deference required under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is applied on top of this already deferential standard of review. *See Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005). Under AEDPA, a federal court may grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was

"based on an unreasonable determination of the facts in light of the evidence in the State court proceeding." 28 U.S.C. § 2254(d). "Factual determinations made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence." *Ybarra v. McDaniel*, 656 F.3d 984, 989 (9th Cir. 2011) (citing 28 U.S.C. § 2254(e)(1)). We are bound by a state's interpretation of its own laws. *Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir. 2003) (citing *Souch v. Schaivo*, 289 F.3d 616, 621 (9th Cir. 2002)). In evaluating an insufficiency of the evidence claim, the reviewing court "may not substitute its judgment for that of the jury" and thus may be required to uphold a conviction that it "believes to be mistaken." *Cavazos v. Smith*, 565 U.S. __, 2011 WL 5118826, at *1 (2011).

Under California law, a "willful, deliberate, and premeditated" killing is murder in the first degree. Cal. Penal Code § 189. "Premeditated" means "thought over in advance" rather than "spontaneous." *People v. Koontz*, 46 P.3d 335, 361 (Cal. 2002); *People v. Perez*, 831 P.2d 1159, 1169 (Cal. 1992). "Deliberate" means "resulting from careful thought and weighing of considerations" rather than "hasty," "impetuous," "rash," or "impulsive." *Perez*, 831 P.2d at 1169. Premeditation and deliberation can occur in a brief period of time. *People v. Thompson*, 231 P.3d 289, 321 (Cal. 2010); *Drayden v. White*, 232 F.3d 704, 710

3

(9th Cir. 2000). "The test is not time, but reflection. Thoughts may follow each other with great rapidity and cold, calculated judgment may be arrived at quickly." *Thompson*, 231 P.3d at 321 (quoting *People v. Osband*, 919 P.2d 640, 688 (Cal. 1996)).

We review the last reasoned state court decision in this case, the unpublished opinion of the California Court of Appeal. *See Brown v. Horell*, 644 F.3d 969, 978 (9th Cir. 2011). The court of appeal examined the evidence presented at trial and found that it was sufficient to support the jury's conviction of first-degree murder. Resolving, as we must, all conflicting factual inferences in favor of the prosecution, we cannot say the court of appeal's determination was objectively unreasonable. The jury heard evidence of motive and consciousness of guilt. Furthermore, the manner of killing–ligature strangulation preceded by a severe beating–suggested deliberation and an intent to kill. *See People v. Bonillas*, 771 P.2d 844, 864 (Cal. 1989). The jury was also presented with evidence that undermined Chades' credibility and conflicted with her testimony at trial. Chades has pointed to evidence presented at trial that supports her theory of the case, but she cannot succeed on her insufficiency of the evidence claim under the doubly deferential standard of review that we must apply.

**AFFIRMED**.

4