**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SELSO RANDY ORONA, | No. 16-70568 |
| Petitioner, | D.C. No. 2:11-cr-00856-SRB |
| v. | District of Arizona, Phoenix |
| UNITED STATES OF AMERICA, | OPINION |
| Respondent. | |

Application to File Second or Successive
Motion Under 28 U.S.C. § 2255

Submitted June 14, 2016[*]

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

PER CURIAM:

Selso Randy Orona was convicted by a jury of one count of being a felon in

possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court

sentenced Orona under the Armed Career Criminal Act ("ACCA"), which

mandates a sentence of at least 15 years' imprisonment for defendants with three or

---

[*]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

more prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e). At sentencing, the district court may have relied on the ACCA's "residual clause" in determining that one or more of Orona's qualifying prior convictions constituted a violent felony. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), however, the Supreme Court subsequently held that the ACCA's residual clause is unconstitutionally vague. And in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court held that *Johnson* announced a new rule of constitutional law that applies retroactively to cases on collateral review. Orona contends that, in light of *Johnson*, he no longer has three qualifying prior convictions under the ACCA.

As required under 28 U.S.C. § 2255(h), Orona filed an application in this court seeking authorization to file a second or successive § 2255 motion raising a claim for relief predicated on *Johnson*. (For ease of reference, we will refer to applications under § 2255(h) as "second or successive applications.") After appointed counsel entered an appearance for Orona, he filed an amended application that attached his proposed § 2255 motion. The proposed motion asserts that Orona's 15-year mandatory minimum sentence is unlawful in light of *Johnson*. The government concedes that authorization to file a second or successive § 2255

motion is warranted, but reserves the right to contest the merits of Orona's claim that he is entitled to relief under *Johnson*.

We agree that Orona has made a prima facie showing that the claim he asserts in his proposed § 2255 motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *see* 28 U.S.C. § 2244(b)(2)(A), (b)(3)(C). We therefore grant his application for authorization to file a second or successive § 2255 motion. We direct the Clerk to transfer Orona's proposed § 2255 motion to the United States District Court for the District of Arizona.

We have decided to publish in this case to clarify an issue regarding the running of the statute of limitations. Section 2255 provides that "[a] 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). That period begins to run from the latest of four different events; the one applicable in this case is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Here, that date is June 26, 2015, the date the Supreme Court decided *Johnson*.

For purposes of determining whether Orona's § 2255 motion is timely, we hold that the filing in this court of his initial second or successive application tolled the running of the 1-year statute of limitations, and that the limitations period remained tolled through our court's disposition of the application. We reach that conclusion for two reasons.

First, although § 2255 does not, by its terms, address whether the filing of a second or successive application tolls the running of the statute of limitations, we think Congress must have intended that to be the case. Congress established a uniform 1-year limitations period for *all* § 2255 motions, regardless of whether the petitioner is filing his first such motion or a second or successive motion. A petitioner filing a first § 2255 motion can file it in the district court without seeking prior authorization from the court of appeals, so compliance with the 1-year filing deadline is entirely within his control. That is not true of petitioners seeking to file second or successive motions. Those petitioners cannot protect themselves from the running of the limitations period by filing directly in the district court. The statute requires them to file an application in the court of appeals first, and by filing such an application they have done everything within their control to comply with the statute of limitations. It would thus be unjust to hold that the limitations period continues to run while a second or successive application remains pending

in the court of appeals. A petitioner has no control over how long it will take the court of appeals to grant the application, which is a prerequisite to the filing of the § 2255 motion in the district court.

It is true that Congress has directed courts of appeals to act on second or successive applications within 30 days. 28 U.S.C. § 2244(b)(3)(D). But even if that time limit were mandatory, absent a rule tolling the limitations period while the application remained pending, a petitioner in fact would have only 11 months in which to file a second or successive § 2255 motion. We do not think such a regime can be squared with Congress' clearly stated intent to impose a uniform 1-year limitations period with respect to all § 2255 motions.

Second, there is another, more practical reason why we think tolling is required for the period during which a second or successive application remains pending before our court. Along with most other circuits, we have held that the 30-day time limit imposed by § 2244(b)(3)(D) is "hortatory, not mandatory." *Ezell v. United States*, 778 F.3d 762, 764–65 (9th Cir. 2015). Given the large volume of second or successive applications our court must process each month, it frequently takes us longer—sometimes much longer—than 30 days to rule on such applications. Petitioners seeking authorization to file second or successive § 2255 motions have no way of predicting just how long it will take our court to act. So

16-70568

again, absent a rule tolling the period during which a second or successive application remains pending, petitioners in our circuit would have considerably less than a full year in which to file their § 2255 motions. And perhaps worse, they would have no way of reliably calculating in advance just how much less than a year they actually had.

For these reasons, we conclude that the filing of a second or successive application in our court tolls the 1-year statute of limitations, and that the limitations period remains tolled until our court rules on the application. *See Easterwood v. Champion*, 213 F.3d 1321, 1324 (10th Cir. 2000) (adopting same rule, albeit without reasoning); *cf. Fierro v. Cockrell*, 294 F.3d 674, 681 n.12 (5th Cir. 2002) (noting but not deciding whether filing a second or second application in the court of appeals "may equitably toll" the running of the statute of limitations). The one caveat is that, to trigger tolling, the application must allege the claim or claims for which authorization to file a second or successive motion is ultimately granted. Take for example a petitioner who files an initial second or successive application that asserts entirely meritless claims, but who later amends the application to assert additional claims. If authorization to file a second or successive § 2255 motion is ultimately granted based solely on the later-added claims, the petitioner is entitled to tolling only from the date the second or

successive application was amended to add those claims, not from the date the original application was filed.

That caveat is not implicated in this case. When construed liberally, as *pro se* filings must be, Orona's initial application adequately alleged a claim predicated on the new rule established in *Johnson*. His initial application did not attach his proposed § 2255 motion, as our Circuit Rule 22-3(a) requires, but that requirement is not mandated by § 2255 itself. Failure to comply with that requirement thus does not render Orona's initial application deficient for purposes of tolling the statute of limitations.

In this case, the running of the statute of limitations is tolled as of February 22, 2016, the date Orona delivered his initial second or successive application to prison authorities for filing in this court. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 270 (1988). Because we are simultaneously granting Orona's application and transferring his proposed § 2255 motion to the district court, the statute of limitations will not begin to run again. Orona's § 2255 motion shall be deemed filed in the district court as of February 22, 2016.

**GRANTED.**