NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10365 |
| Plaintiff-Appellee, | D.C. No. 5:05-cr-00516-EJD |
| v. | |
| ALFONSO CERVANTES REYES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Alfonso Cervantes Reyes appeals pro se from the district court's order

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The government objects to the timeliness of the appeal.  Construing

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Cervantes Reyes's pro se filings liberally, *see Orona v. United States*, 826 F.3d 1196, 1199 (9th Cir. 2016), we treat his motion to vacate the district court's order denying his motion for a sentence reduction as a motion for reconsideration. So treated, Cervantes Reyes's notice of appeal was timely filed. *See United States v. Belgarde*, 300 F.3d 1177, 1180 (9th Cir. 2002) ("A motion for reconsideration is timely if it is filed within the time for appeal . . . and an appeal is timely if it is filed within the time to appeal after the denial of the motion for reconsideration.")

Cervantes Reyes contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009). Assuming without deciding that Cervantes Reyes is eligible for a two-point reduction in his base offense level, the district court correctly concluded that Cervantes Reyes is ineligible for a sentence reduction under Amendment 782 because his sentence is already below the minimum of the amended Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."). Cervantes Reyes's

claims to the contrary are not cognizable in a section 3582(c)(2) proceeding. *See*

*Dillon v. United States*, 560 U.S. 817, 826 (2010) (section 3582(c)(2) does not

permit a "plenary resentencing proceeding").

To the extent that Cervantes Reyes claims that the district court erred by

failing to grant his motion for an extension of time to file a reply to the

government's opposition to his motion for a sentence reduction, the district court

did not abuse its discretion because Cervantes Reyes is not entitled to a sentence

reduction. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

**AFFIRMED.**