NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 28 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO PEREZ, | No. 14-55815 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-02638-CJC-MAN |
| v. | |
| K. HOLLAND, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted November 10, 2016*
Pasadena, California

Before: BERZON and NGUYEN, Circuit Judges, and ZOUHARY,** District Judge.

Francisco Perez appeals the district court dismissal of his petition filed

pursuant to 28 U.S.C. § 2254 on the ground that it was an unauthorized "second or

successive" habeas petition. When the district court dismissed his petition on April

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

14, 2014, it referred the petition to this court pursuant to Ninth Circuit Rule 22–3(a) (rev. July 1, 2013) ("If a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.").  We now accept that referral and grant authorization for Perez to file a "second or successive" habeas petition in district court because he has made a prima facie showing that his application satisfies the requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA).  *See* 28 U.S.C. § 2244(b)(3)(A)–(C); *Jones v. Ryan*, 733 F.3d 825, 842 (9th Cir. 2013).

Perez relies on the previously unavailable and retroactively applicable new rule of constitutional law announced in *Miller v. Alabama* that "mandatory life without parole for juveniles violates the Eighth Amendment."  132 S.Ct. 2455, 2473 (2012).  The government does not dispute that Perez's petition is timely.  *See Orona v. United States*, 826 F.3d 1196, 1199 (9th Cir. 2016) ("[W]e conclude that the filing of a second or successive application in our court tolls the 1-year statute of limitations, and that the limitations period remains tolled until our court rules on the application.").

We hereby order that Perez's petition be transferred to the United States

2

District Court for the Central District of California. The petition shall be deemed filed in the district court on the date on which the habeas application signed by Perez on March 31, 2014, was delivered to prison authorities for forwarding to the court. *See Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014) (habeas petition is considered filed at the time it is delivered to prison authorities).

Because we grant the previously referred application for authorization to file a "second or successive" habeas petition, this appeal has been rendered moot and we do not address the certified issue raised on appeal. We leave it to the district court to address the merits in the first instance.

**GRANTED.**