**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BYRON LEROY SCOTT,

                Petitioner-Appellant,

v.

STATE OF CALIFORNIA,

                Respondent-Appellee.

No.   13-55950

D.C. No. 5:13-cv-00703-R

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Byron Leroy Scott appeals from the district court's judgment dismissing his

28 U.S.C. § 2254 habeas petition as an unauthorized second or successive petition.

Scott contends that the district court erred because his Eighth Amendment

challenge to his sentence did not become ripe until the Supreme Court announced

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

its decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). He requests, in the alternative, that this court treat his opening brief as an application to file a second or successive habeas petition under 28 U.S.C. § 2244(b). We grant this request.

Scott's opening brief, treated as an application for authorization, makes a prima facie showing under section 2244(b)(2)(A), and is granted. *See Montgomery v. Louisiana*, 136 S. Ct. 718 (2016); *Woratzeck v. Stewart*, 118 F.3d 648, 650 (9th Cir. 1997).

The Clerk shall transfer Scott's opening brief (Docket Entry No. 16), to the United States District Court for the Central District of California, to be processed as a section 2254 habeas petition. The petition shall be deemed filed in the district court on September 29, 2014, the date the opening brief was filed in this court. *See Orona v. United States*, 826 F.3d 1196 (9th Cir. 2016).

Because we grant the alternative request for authorization, the appeal has been rendered moot and we do not address the certified issue raised on appeal. We leave it to the district court to address the merits of Scott's claim and the effect, if any, of Scott's proceedings under California Penal Code section 1170(d)(2) on his claim.

All pending motions are denied as moot.

**GRANTED.**