**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN DENISE CHADES, *Applicant*, | No. 19-70365 |
| v. | OPINION |
| MOLLY HILL, Acting Warden, *Respondent.* | |

Application for Leave to File a Second
or Successive Habeas Corpus Petition

Argued and Submitted February 13, 2020
Pasadena, California

Filed September 30, 2020

Before: Mary M. Schroeder, Jay S. Bybee, and
Daniel P. Collins, Circuit Judges.

Opinion by Judge Bybee;
Concurrence by Judge Collins

# SUMMARY[*]

## Habeas Corpus

The panel denied Karen Denise Chades's application for leave to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2244(b)(1) claiming that she was denied effective assistance of counsel in her federal habeas proceedings because her habeas counsel did not adequately press her ineffective-assistance-of-counsel claim against her trial counsel.

Chades was convicted of first-degree murder in California state court. Noting that Chades concedes that her application does not meet the statutory exceptions under which a second-or-successive claim can be reviewed, the panel held that it has no authority under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) to authorize her to file a second-or-successive application. The panel declined Chades's invitation to set aside the strictures of § 2244 by holding that this court has jurisdiction to entertain her request directly under the Constitution. The panel explained that the statute does not impermissibly preclude judicial review of an inmate's constitutional challenges, but rather acts as a mere regulation of repetitious requests for relief.

Before oral argument, the panel raised sua sponte whether a single member of the panel could construe Chades's request as a habeas corpus application and transfer it to a district court for further proceedings. Regardless of whether a

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

transfer is properly done by a panel or an individual judge, each member of the panel declined to transfer here. The panel wrote that treating Chades's claim as a habeas application amenable to transfer would invariably mean that it is an action subject to § 2244, and that the district court would be without power to entertain the application given that it is second or successive in nature and requires this court's authorization. The panel noted that AEDPA does not foreclose Chades from filing an original petition for habeas corpus with the Supreme Court of the United States.

Judge Collins concurred in the judgment. He wrote that because only a habeas petitioner who asserts that he or she can satisfy the requirements of § 2244(b)(2) must first file an application to a three-judge panel, and because the three-judge panel's corresponding statutory jurisdiction to decide such applications extends only to such applications, Chades's proposed second or successive habeas petition is not subject to § 2244(b)(3)'s pre-filing requirement, and this court likewise has no jurisdiction under § 2244(b)(3) to decide whether to authorize its filing in the district court. He wrote that even assuming *arguendo* that this court has discretion to deem Chades's proposed habeas petition as an original habeas petition presented to each panel member as a "circuit judge," 28 U.S.C. § 2254(a), and to then transfer it to the district court, he agrees with the majority that the panel should not exercise such discretion here.

## COUNSEL

Stephan J. Willms (argued), Deputy Public Defender; G. Christopher Gardner, Public Defender; Law Offices of the Public Defender of San Bernardino County, Rancho Cucamonga, California; for Petitioner.

Christopher P. Beesley (argued), Deputy Attorney General; Daniel Rogers, Supervising Deputy Attorney General; Julie L. Garland, Senior Assistant Attorney General; Xavier Becerra, Attorney General; Attorney General's Office, San Diego, California; for Respondent.

## OPINION

BYBEE, Circuit Judge:

In 2004, Applicant Karen Denise Chades was convicted of first-degree murder in California state court. In 2007, after her conviction was affirmed by the California Court of Appeal and review denied by the California Supreme Court, she brought a petition for habeas corpus in the United States District Court for the Central District of California. In that petition, she faulted her trial counsel for failing to investigate her claim of imperfect self-defense due to PTSD stemming from sexual abuse as a child. The district court denied her petition in 2009. We granted a certificate of appealability as to one issue and affirmed the district court. *Chades ex rel. Gallegos v. Lattimore*, 459 F. App'x 596, 598 (9th Cir. 2011).

Chades has now filed an "Application for Leave to File Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(1)," claiming that she was denied effective

assistance of counsel in her federal habeas proceedings because her habeas counsel did not adequately press her ineffective-assistance-of-counsel claim against her trial counsel. This she cannot do. We deny this application.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A claim "permitted by this section" is one "that was not presented in a prior application." *Id.* at § 2244(b)(2), (b)(3)(A); *see also Young v. Pfeiffer*, 933 F.3d 1123, 1125–26 (9th Cir. 2019) (per curiam). "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Chades concedes that she is seeking to file a second-or-successive federal habeas corpus application. She further concedes that her application does not meet the statutory exceptions under which a second-or-successive claim can be reviewed. We have no authority under AEDPA to authorize Chades to file a second-or-successive application. *See Cooper v. Calderon*, 274 F.3d 1270, 1275 (9th Cir. 2001).

Anticipating this problem, Chades invites us to hold that we nevertheless have jurisdiction to entertain her request directly under the Constitution. We decline to exercise such jurisdiction in this case. Doing so would necessarily require us to find that the provisions in § 2244 that bar Chades's application are unconstitutional as applied to her. *See*, *e.g.*, 28 U.S.C. §§ 2244(b)(1), (b)(3)(C). The Supreme Court has already addressed AEDPA's limitations on second or

successive habeas petitions. In *Felker v. Turpin*, the Court characterized the "new restrictions on successive petitions" as "a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ,'" and held that such restrictions "do not amount to a 'suspension' of the writ contrary to Article I, § 9." 518 U.S. 651, 664 (1996); *see also Alley v. Bell*, 392 F.3d 822, 833 (6th Cir. 2004) ("[T]he contours of [the Suspension Clause] are wide enough to accommodate the limits Congress imposed on successive relief in AEDPA."); *Graham v. Johnson*, 168 F.3d 762, 787–88 (5th Cir. 1999) (rejecting the argument that AEDPA's bar on successive applications violates the Due Process Clause); *Bannister v. Bowersox*, 128 F.3d 621, 623 (8th Cir. 1997) (rejecting the assertion that § 2244(b)(1) "denies a judicial forum for a colorable constitutional claim" (internal quotation marks omitted)). Consistent with *Felker*, we likewise conclude that the statute does not impermissibly "preclude judicial review of an inmate's constitutional challenges," but rather acts as "a mere regulation of repetitious requests for relief." *Bannister*, 128 F.3d at 623 (internal quotation marks omitted). We therefore reject Chades's invitation to set aside the strictures of § 2244.

Before oral argument, we raised sua sponte the question of whether a single member of the panel could construe Chades's request as a habeas corpus application and transfer it to a district court for further proceedings. *See* Fed. R. App. P. 22(a); *see also* 28 U.S.C. § 2242. Regardless of whether a transfer is properly done by a panel or by an individual judge, we each decline to transfer here. *See Zimmerman v. Spears*, 565 F.2d 310, 316 (5th Cir. 1977). Treating Chades's claim as a habeas application amenable to transfer would invariably mean that it is an action subject to § 2244. Notwithstanding Chades's due-process arguments, the district

court would be without power to entertain the application given that the application is second or successive in nature and requires our authorization. *See* 28 U.S.C. § 2244(b)(1); *see also In re Bowles*, 935 F.3d 1210, 1220–21 (11th Cir. 2019) ("AEDPA completely stripped federal district courts of jurisdiction to hear successive claims unless the prisoner first received authorization from the court of appeals.").

Finally, we note that Chades is not left entirely without a forum for airing her due-process claim while seeking habeas relief. AEDPA does not foreclose Chades from filing an original petition for habeas corpus with the Supreme Court of the United States. *See Felker*, 518 U.S. at 654 ("[T]he Act does not preclude this Court from entertaining an application for habeas corpus relief . . . ."); *see also* Sup. Ct. R. 20.4(a). The Supreme Court can then choose whether to act on her petition and grant any such relief as it may find necessary. *See*, *e.g.*, *In re Davis*, 557 U.S. 952, 952 (2009) (mem.); *Ex parte Hull*, 312 U.S. 546, 551 (1941); *Ex parte Grossman*, 267 U.S. 87, 121–22 (1925).

**APPLICATION DENIED.**

---

COLLINS, Circuit Judge, concurring in the judgment:

I agree with the majority that we lack jurisdiction to grant Chades's application to file a second or successive petition for a writ of habeas corpus, and I likewise agree that her application should not be transferred to the district court. Because my reasoning differs in some respects from the majority's, I concur only in the judgment.

# I

## A

In 2004, Chades was convicted of first degree murder in California state court based on her strangulation of a man she claimed attempted to sexually assault her. Her conviction was affirmed on appeal, *see People v. Chades*, 2006 WL 2875453 (Cal. Ct. App. Oct. 11, 2006), and the California Supreme Court denied review.

Chades retained new counsel who, rather than filing a state habeas corpus petition, instead proceeded straight to federal court. In her federal habeas corpus petition, Chades argued, *inter alia*, that her trial counsel had been ineffective in failing to investigate the possibility that she had been suffering from post-traumatic stress disorder ("PTSD") due to childhood sexual abuse, a fact that she claimed would have supported an imperfect self-defense theory at trial. Concluding that the ineffective-assistance-of-trial-counsel claim was not colorable, the district court dismissed it on the merits despite the fact that it had not been exhausted in state court. *See Chades v. Lattimore*, 2009 WL 657006, at *7 (C.D. Cal. Mar. 10, 2009) (citing 28 U.S.C. § 2254(b)(2)). Specifically, the magistrate judge recommended denying Chades's claim on the merits, concluding that Chades had failed to present any evidence that she suffered from PTSD and that "trial counsel cannot be deemed ineffective for failing to pursue" a "speculative" defense. *Id*. at *18. In adopting the magistrate judge's report, the district judge added that, for the same reason, there was no evidence of prejudice from the alleged failure to investigate PTSD. *Id*. at *1–2. Neither the district court nor this court granted a certificate of appealability with respect to this ineffective-

assistance-of-trial-counsel claim. Instead, we granted a certificate of appealability only as to Chades's separate challenge to the sufficiency of the evidence of premeditation, and we ultimately affirmed the district court's denial of habeas relief on that ground. *Chades ex rel. Gallegos v. Lattimore*, 459 F. App'x 596 (9th Cir. 2011).

**B**

In 2016, Chades filed a habeas petition in state court, presenting the same ineffective-assistance-of-trial-counsel claim that she had presented in her first federal habeas petition. This time, however, Chades presented new evidence to support the claim, including "testimony from Petitioner about her prior sexual abuse, testimony from Petitioner's family members to corroborate the prior abuse, and testimony from a psychologist confirming Petitioner suffered from post-traumatic stress disorder." In February 2018, the state trial court denied the petition, finding it both meritless and procedurally barred.

In addressing the merits, the trial court noted that, in order to establish that her trial counsel was ineffective, Chades would have to show prejudice, *i.e.*, that "but for counsel's ineffectiveness, the result would have been more favorable for Petitioner." The court held that, although the "additional testimony would have provided context to Petitioner's claim [at the trial that] she acted on a rash impulse," it was not reasonably probable that the outcome of the trial would have been different. The new evidence did "not undercut the contradictions between Petitioner's testimony and the physical evidence," nor did it undercut the fact that strangulation takes time and therefore reflects deliberation "or

that Petitioner not only beat and strangled the victim but returned minutes later to strangle him a second time."

The trial court also concluded that Chades's petition was procedurally defective because it was "untimely and successive." The court rejected Chades's contention that, due to the ineffective assistance of post-conviction counsel, there was good cause to excuse these procedural defects. That justification would require a showing that post-conviction counsel's deficiencies were prejudicial, and that showing could not be made "under the above analysis that there is not a reasonable probability of a more favorable result."

Chades then filed a petition in the California Court of Appeal, which denied relief in June 2018. The California Supreme Court denied review in August 2018.

## C

Chades now seeks to file a successive federal habeas corpus petition raising the same claim of ineffective assistance of trial counsel. She recognizes that, under the plain language of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), this petition must be dismissed. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). But she contends that the bar of § 2244(b)(1) is unconstitutional as applied to her, because she assertedly has a constitutional right to the effective assistance of counsel in the presentation of an ineffective-assistance-of-trial-counsel claim in her first collateral-review petition, and her counsel in her first federal habeas petition provided ineffective

assistance of counsel in failing to develop and present evidence in support of that claim.

Chades, however, did not file her proposed petition in the district court, which ordinarily would be the venue in which any original petition would first be filed. *Cf*. FED. R. APP. P. 22(a). Instead, she filed an application in this court for leave to file a second or successive petition, and that is the application before us here. For the reasons set forth below, I conclude that we lack jurisdiction to grant Chades's application.

## II

AEDPA's amendments place significant limitations on the filing of a "second or successive habeas corpus application." 28 U.S.C. § 2244(b). As already noted, § 2244(b)(1) states that a claim in a "second or successive habeas corpus application" that was "presented in a prior application shall be dismissed." *Id*. § 2244(b)(1). Subsection (b)(2), in turn, states that a claim in such an application "that was *not* presented in a prior application shall be dismissed *unless*" it meets certain specified criteria. *Id*. § 2244(b)(2) (emphasis added).[1] In addition, before a second or successive habeas application that is *permitted* by § 2244(b)(2) may be filed in the district court, the statute imposes a streamlined

---

[1] Specifically, the statute allows the filing of a new claim in a second or successive habeas application in two circumstances. The first applies when the claim relies on a new rule of constitutional law, made retroactive by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A). The second applies when the factual predicate for the claim could not have been discovered previously, and the facts underlying the claim would be sufficient to establish that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. *See id*. § 2244(b)(2)(B).

pre-filing requirement as set forth in § 2244(b)(3). Under § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move *in the appropriate court of appeals* for an order authorizing the district court to consider the application." *Id*. § 2244(b)(3)(A) (emphasis added). Such a motion must be decided "by a three-judge panel of the court of appeals," *id*. § 2244(b)(3)(B), "not later than 30 days after the filing of the motion," *id*. § 2244(b)(3)(D), and the panel's decision on the motion "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari," *id*. § 2244(b)(3)(E).[2]  The panel "may authorize the filing of a second or successive application *only* if it determines that the application *makes a prima facie showing* that the application satisfies the requirements of this subsection," *id*. § 2244(b)(3)(C) (emphasis added), and even if the panel makes such a determination, the district court upon accepting the application for filing must dismiss it "unless the applicant *shows* that the claim satisfies the requirements of this section," *id*. § 2244(b)(4) (emphasis added).

Against this backdrop, it is clear that Chades's application does not fall within this court's very limited jurisdiction under § 2244(b)(3) to authorize the filing of a second or successive habeas petition.  Under the plain language of the statute, Chades's proposed second habeas petition is not subject to the pre-filing bar of § 2244(b)(3), and consequently her application for leave to file such a habeas petition is not

---

[2] We have treated the 30-day deadline as "'hortatory, not mandatory.'" *Orona v. United States*, 826 F.3d 1196, 1199 (9th Cir. 2016) (quoting *Ezell v. United States*, 778 F.3d 762, 764–65 (9th Cir. 2015)).

within our correlative jurisdiction under that section. Section 2244(b)(3)(A) only imposes a pre-filing requirement—and only grants us jurisdiction to authorize the filing of a second or successive habeas petition—when the applicant seeks to file in the district court a "second or successive [petition] *permitted by this section*." *Id*. § 2244(b)(3)(A) (emphasis added). The only petitions "permitted by this section" are those described in § 2244(b)(2)—*i.e.*, a habeas petition containing claims that were "*not* presented in a prior [petition]." *Id*. § 2244(b)(2) (emphasis added). Chades, however, does not contend that she can meet the criteria set forth in § 2244(b)(2) for filing a "second or successive habeas corpus application" that contains claims "that [were] *not* presented in a prior application." *Id*. (emphasis added). Indeed, § 2244(b)(2) has nothing at all to do with her application in this court. Rather, Chades's argument is that she wants to file a "second or successive" habeas petition containing a claim "that *was* presented in a prior [petition]," and that subsection (b)(1), by flatly requiring dismissal of that successive habeas petition, unconstitutionally infringes on her asserted constitutional right to effective assistance of counsel in her first post-conviction habeas petition that alleges ineffective assistance of trial counsel. *Id*. § 2244(b)(1) (emphasis added).

Because *only* a habeas petitioner who asserts that he or she can satisfy the requirements of § 2244(b)(2) must first file an application to a three-judge panel, and because the three-judge panel's corresponding statutory jurisdiction to decide such applications extends *only* to such applications, Chades's proposed second or successive habeas petition is not subject to § 2244(b)(3)'s pre-filing requirement, and we likewise have no jurisdiction under § 2244(b)(3) to decide whether to authorize its filing in the district court.

### III

Even assuming *arguendo* that we have discretion to deem Chades's proposed habeas petition (which is attached to her application for leave to file it) as an original habeas petition presented to each panel member as a "circuit judge," 28 U.S.C. § 2254(a), and to then transfer it to the district court, I agree with the majority that we should not exercise such discretion here.

As the majority recognizes, we could not properly transfer the petition to the district court without finding that the district court would have jurisdiction over the petition. *Arreola-Arreola v. Ashcroft*, 383 F.3d 956, 964–65 (9th Cir. 2004), *overruled on other grounds by Morales-Izquierdo v. Gonzales*, 486 F.3d 484 (9th Cir. 2007) (en banc). Chades concedes that § 2244(b)(1)'s bar is jurisdictional in nature, and we therefore could not transfer the petition to the district court unless (at the very least) we first were to conclude that Chades is correct in contending that the jurisdictional limitation in § 2244(b)(1) is unconstitutional as applied to her. I do not think that she has made such a showing.

Chades's argument that the limitations of § 2244(b)(1) are unconstitutional as applied here rests on her contention that her first post-conviction counsel's ineffective assistance deprived her of her asserted constitutionally guaranteed right to effective assistance of post-conviction counsel in the presentation of an ineffective-assistance-of-trial-counsel claim. Even assuming that this theory has any legal validity (a point I do not reach), I think that Chades's contention fails on the specific facts of this case. As the state trial court recognized in its 2018 order, unless Chades can show that her *trial* counsel's assertedly deficient performance was

prejudicial, she cannot show that her post-conviction counsel was ineffective in failing to present that claim. Moreover, Chades concedes in her proposed second federal habeas petition that, because a California state court has now ruled on the merits of her augmented ineffective-assistance-of-trial-counsel claim, the question of whether trial counsel's performance was prejudicial would be governed by AEDPA's deferential standards of review. *See* 28 U.S.C. § 2254(d). The end result is that Chades's constitutional challenge to the jurisdictional limitations of § 2244(b)(1) here overlaps with the merits of her underlying ineffective-assistance-of-trial-counsel claim. As a result, if the state court reasonably concluded that the additional evidence that her trial counsel failed to uncover would not have altered the outcome of the trial, then (1) she cannot show that her ineffective-assistance-of-trial-counsel claim has merit; (2) she therefore cannot show that her post-conviction counsel's alleged ineffectiveness was prejudicial; and (3) she would lack any basis for contending that the bar of § 2244(b)(1) is unconstitutional as applied to her here. And because I think that she is wrong in contending that the state court's conclusion is unreasonable, I think her attack on § 2244(b)(1) necessarily fails.

In arguing that the trial court's order represents an unreasonable application of the ineffective-assistance-of-counsel standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), Chades rests almost entirely on the contention that the underlying trial testimony did not support the trial court's statement that there were "minutes" between Chades's two strangulation attempts of the victim. (That characterization, in turn, originated in the California Court of Appeal opinion affirming Chades's conviction. *See Chades*, 2006 WL 2875453, at *3.) Chades is correct that, in

recounting her post-arrest incriminating statements at trial, the officer who testified did not explicitly state that there were "minutes" between the two strangulation attempts. But given that one strangulation attempt occurred while Chades and the victim were standing and the second attempt occurred while they were on the ground, and given the evidence of an extended struggle between the two (which included Chades beating him with a broomstick), the inference that the two strangulation attempts were not immediately successive was reasonable.

More importantly, even if the two attempts occurred seconds apart rather than minutes apart, that would not materially detract from the trial court's overall conclusion that prejudice had not been shown. As the trial court noted, Chades's version of the incident in her trial testimony was repeatedly and directly contradicted by the physical evidence. The point is confirmed by the Court of Appeal's opinion on direct appeal, which noted that Chades's denial that she struck the victim was contradicted by the bloody broomstick at the scene; her claim that his wallet fell out during the struggle was contradicted by the evidence that the wallet had been rifled through; and her claim that she had not tried to clean the murder scene was contradicted by evidence showing that the garage floor was wet and smelled of bleach. *Chades*, 2006 WL 2875453, at *4. The trial court did not act unreasonably in concluding that it is not reasonably probable that the jury would have reached a different result by receiving additional testimony bearing upon Chades's mental state at the time of the crime.

At the very least, I am unable to conclude, on this record, that Chades is entitled to a favorable exercise of discretion in

the disposition of her jurisdictionally deficient application for leave to file a second or successive habeas petition.

## IV

In light of these conclusions, I do not reach any of the other issues addressed in the majority's opinion, and I concur only in the majority's judgment dismissing Chades's application for lack of jurisdiction.