NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RANDY M. STONE,

Petitioner,

v.

TIM GARRETT; NETHANJAH
BREITENBACH,

Respondents.

No. 24-4476

District of Nevada,
Las Vegas

MEMORANDUM*

Application to File Second or Successive Petition
Under 28 U.S.C. § 2254

Argued and Submitted October 6, 2025
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Randy M. Stone ("Stone"), a Nevada state prisoner, was convicted of seven

counts of sexual assault with a minor under the age of fourteen in 2003. Stone has

filed a request for authorization to file a second or successive habeas petition under

28 U.S.C. § 2254 ("the Application"). We have jurisdiction under 28 U.S.C.

§ 2244(b)(3).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

As relevant here, we may grant the Application only if Stone makes a prima facie showing that at least one of his claims satisfies both requirements under 28 U.S.C. § 2244(b)(2)(B): (1) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," *id.* § 2244(b)(2)(B)(i); and (2) "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Stone] guilty of the underlying offense," *id.* § 2244(b)(2)(B)(ii). *See id.* § 2244(b)(3)(C). Under the second requirement, Stone must show that his claim "establishes that he is actually innocent of the crimes alleged." *Bible v. Schriro*, 651 F.3d 1060, 1064 (9th Cir. 2011). Because Stone fails to meet one or both requirements for each of his claims, we deny the Application.

1.      Stone raises an ineffective assistance of trial counsel claim based on trial counsel's asserted failure to call a psychologist with expertise in child sexual abuse and trial counsel's failure to call a forensic nurse with expertise in child abuse. Stone does not satisfy § 2244(b)(2)(B)(i). Dr. O'Donohue's and Nurse Wristen's reports do not constitute factual predicates for Stone's ineffective assistance of trial counsel claim. These expert opinions are instead conclusions, derived from preexisting facts, that clarify the legal significance of those preexisting facts. *See Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (interpreting the phrase

"factual predicate" under § 2244(d) as the "vital facts, regardless of when their legal significance is actually discovered").[1] The factual predicates for Stone's ineffective assistance of trial counsel claim are counsel's failure to call a psychologist and forensic nurse and the preexisting information that Dr. O'Donohue and Nurse Wristen relied on in forming their opinions. Because Stone fails to argue that those facts were unknown to him before he filed his first federal habeas petition in 2008, he fails to demonstrate due diligence. *See Gage v. Chappell*, 793 F.3d 1159, 1166 (9th Cir. 2015).

Stone also fails to satisfy the actual innocence requirement under § 2244(b)(2)(B)(ii). Dr. O'Donohue's and Nurse Wristen's opinions do not establish, by clear and convincing evidence, that every reasonable factfinder would have found Stone guilty because their reports are both inconclusive. A reasonable factfinder could credit other evidence presented at trial over the experts' qualified conclusions.

---

[1] Although *Ford* interpreted the phrase "factual predicate" in subsection (d) of § 2244, *Ford*, 683 F.3d at 1235, we agree with Stone that *Ford*'s interpretation applies to subsection (b) of § 2244 as well. *See Nat'l Credit Union Admin. v. First Nat'l Bank & Tr. Co.*, 522 U.S. 479, 501 (1998) ("[S]imilar language contained within the same section of a statute must be accorded a consistent meaning."). Our holding that the expert reports here are not the factual predicates supporting Stone's ineffective assistance of trial counsel claim should not be interpreted as a categorical rule that expert opinions can never be factual predicates.

2.    Stone's ineffective assistance of direct appeal counsel and double jeopardy claims also do not satisfy § 2244(b)(2)(B) because Stone concedes that these claims do not rely on newly discovered factual predicates under § 2244(b)(2)(B)(i).  Because Stone does not satisfy § 2244(b)(2)(B)(i), we need not consider § 2244(b)(2)(B)(ii).  Stone's contention that these claims "raise Suspension Clause concerns" is foreclosed.  Binding precedent establishes that the requirements under § 2244 for filing a second or successive petition do not violate the Suspension Clause.  *See Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Chades v. Hill*, 976 F.3d 1055, 1056–57 (9th Cir. 2020).

The Application to file a second or successive § 2254 petition is **DENIED**.

24-4476